SANFORD v. BERTRAU.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—LAND SUBJECT TO LEVY.

   Land held by husband and wife as tenants by entireties is not subject to levy under execution on judgment rendered against either husband or wife alone.

2. SAME—REMAINDERS—SURVIVORSHIP.

   The right of survivorship is merely an incident of an estate by entirety, and does not constitute a remainder, either vested or contingent.

3. SAME—JOINT JUDGMENT—LAND SUBJECT TO LEVY.

   A judgment rendered against husband and wife jointly may be satisfied out of an estate in land held by them as tenants by entireties, independent of homestead and statutory exemptions.

4. EXECUTION—JOINT OWNERS.

   Real estate owned jointly by individuals is subject to levy and sale upon an execution running against such owners jointly, in the absence of homestead and statutory exemptions.

See notes in 9 L. R. A. (N. S.) 1026; 42 L. R. A. (N. S.) 555.

5. HUSBAND AND WIFE—JOINT JUDGMENT — EXECUTION — MARRIED
    WOMEN—COMMON LAW DISABILITY—STATUTES.

There is nothing in Act No. 158, Pub. Acts 1917, abrogating
the common-law disability of married women in certain
cases, to signify that a joint judgment against husband
and wife in a suit based upon their fraud in the exchange
of real estate may not be satisfied out of real estate held
by them as tenants by entireties, independent of home-
stead and statutory exemptions.

Appeal from Mecosta; Brown, J., presiding.  Sub-
mitted October 10, 1918.  (Docket No. 31.)  Decided
December 27, 1918.

Bill by William M. Sanford and another against
Louis F. Bertrau and another to quiet title to certain
real estate.  From a decree dismissing the bill, plain-
tiffs appeal.  Affirmed.

*Cogger & Cogger* and *Broomfield & Worcester,* for
plaintiffs.

*Travis, Merrick, Warner & Johnson* (*Butler & Ev-
erett,* of counsel), for defendants.

STONE, J.  The bill of complaint in this case was
filed to remove an alleged cloud placed upon the title
of certain real estate held by the entireties by the
plaintiffs, by reason of the sale of the same upon exe-
cution in favor of the defendants herein, issued upon
a joint judgment against the plaintiffs herein.

Counsel for plaintiffs and appellants state in their
brief that the sole and only question presented is
whether lands held by a husband and wife as tenants
by the entirety are subject to levy and sale by virtue
of a writ of *fieri facias* issued upon a joint judgment
against husband and wife.  The record shows that on
January 7, 1918, in the circuit court for the county
of Mecosta, in a suit at law involving the fraud of
the defendants there pending, wherein Louis F. Ber-

trau and Mary A. Bertrau were the plaintiffs, and William M. Sanford and Mary J. Sanford were defendants, a judgment was duly rendered and entered in favor of said plaintiffs and against the said defendants for $5,832, with costs of suit to be taxed; that after the rendition of the judgment, an execution was duly issued thereon and placed in the hands of the sheriff for service, and that on or about February 2, 1918, that officer, by virtue of said execution, made a levy upon the property described in the bill of complaint, and upon due notice sold the said premises on March 23, 1918, for the sum of $6,046.05 to the defendants herein, and gave to them the usual certificate of sale.

It is undisputed that the title of the plaintiffs herein to the real estate at the time of said levy was vested in them by virtue of a deed bearing date August 11, 1914, executed by Louis F. Bertrau and wife to said "William M. Sanford and Mary J. Sanford, his wife, jointly with the right of survivorship."

In dismissing the bill of complaint upon the hearing, the learned circuit judge seems, by the record, to have been influenced somewhat by the fact that the judgment had been rendered in a case where the defendants (the plaintiffs here) had been charged with fraud in obtaining title to the property levied upon, having in mind no doubt the rule that estates in entirety cannot be created at the expense of creditors, and held in fraud of their rights, as was held by this court in *Newlove* v. *Callaghan*, 86 Mich. 297 (24 Am. St. Rep. 123).

Upon this record, however, we think we should treat the case as one where a valid judgment had been obtained against husband and wife, and where lands held by them as tenants by the entirety have been levied upon and sold by virtue of the execution. There is no homestead question here involved, the property

levied upon and sold being business property, upon which were located a store and other buildings. It is stated by counsel, and we think correctly, that this question is a new one in this State, in so far as the holdings of this court are concerned. It is well settled in this State that land held by husband and wife as tenants by entirety is not subject to levy under execution on judgment rendered against either husband or wife alone. The subject of estates by the entirety has been considered in many aspects by this court, as will appear by reference to the following cases, where the earlier decisions have been referred to. *Vinton* v. *Beamer*, 55 Mich. 559. In speaking of the estate this court said it was an entirety.

"They both took the same estate, the same interest, and it could not be separated. The right of the one was the right of the other. Neither could by a separate transfer affect the rights of the other, or his own. What would defeat the interest of one would also defeat that of the other."

In *Re Appeal of Nellie Lewis*, 85 Mich. 340 (24 Am. St. Rep. 94), this court said:

"The estate created by this deed was not an estate in joint tenancy, but an estate in entirety. A joint tenancy implies a *seisin per my et per tout,* while an estate in entirety implies only a *seisin per tout.* 4 Kent. Comm. p. 362."

See cases there cited.

*Dickey* v. *Converse*, 117 Mich. 449 (72 Am. St. Rep. 568). This case reviews many of the earlier cases and is worthy of examination in this connection. *Naylor* v. *Minock*, 96 Mich. 182 (35 Am. St. Rep. 595). See, also, *Morrill* v. *Morrill*, 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100), where it is stated that the married women's act is not applicable to estates by entirety, Justice CARPENTER, in writing the unanimous opinion of this court, saying:

"I think it must be conceded that the decisions of this court have determined that this statute has no application to estates by entirety." Citing numerous cases.

Many more cases, some of them still later in date, might be cited, but we think it unnecessary.

It is urged by counsel for plaintiffs and appellants that, before the death of either of the parties, each holds an estate similar in some respects to that of a contingent remainder, and that it has been held that a contingent remainder is not subject to execution. We think the better doctrine is that the right of survivorship is merely an incident of an estate by entirety, and does not constitute a remainder, either vested or contingent. *Davis* v. *Clark*, 26 Ind. 424 (89 Am. Dec. 471); *Shinn* v. *Shinn*, 42 Kan. 1 (21 Pac. 813, 4 L. R. A. 224).

It is also asserted by counsel that land held by entireties by husband and wife is not subject to an execution, and the following cases are cited: *Carver* v. *Smith*, 90 Ind. 222 (46 Am. Rep. 210); *Dodge* v. *Kinzy*, 101 Ind. 102. The first of these cases simply holds that land conveyed to husband and wife is not subject to the levy of an execution against either, while both are living. There the execution against the husband was levied upon the land. Nobody would dispute the correctness of that ruling. The case of *Dodge* v. *Kinzy* involved the question of a contract of suretyship of the wife, and her joining in a mortgage on property held by entireties, to secure the payment of an individual debt of the husband, and has no bearing upon the question we are discussing.

It is well settled that when a judgment is rendered against one of two tenants by entireties, a levy under execution on such judgment cannot be made on the real estate held by them as tenants by entireties. This is because of the peculiar nature of the estate held

by them. Both are seized of the whole, and an estate by entireties is inseparable and cannot be partitioned. Therefore, it has been quite universally held that an estate by entireties cannot be sold upon execution on a judgment rendered against either the husband or wife, because neither has any separate interest in such an estate. But after diligent search by counsel, and by the writer of this opinion, a case has not been found which holds that an estate in land held by husband and wife as tenants by entireties is not subject to execution upon a judgment against them jointly. On the contrary, the few cases in which this question is presented hold that a judgment rendered against husband and wife jointly may be satisfied out of an estate in land held by them as tenants by entireties.

In *Sharpe* v. *Baker,* 51 Ind. App. 547 (96 N. E. 627, 99 N. E. 44), an action was brought by appellants, who were husband and wife, to quiet their title as tenants by entireties to certain real estate, and to eject appellees from the possession of said real estate. A joint judgment had been taken against appellants at a time when they were owners as tenants by entireties, of the real estate in controversy, and an execution was issued on said judgment against both of said appellants, and levied upon the estate so held by them as tenants by the entireties. Said land was regularly advertised and sold under said execution as the property of appellants, and appellees claimed title and possession to said real estate under and by virtue of a sheriff's deed; while the appellants claimed that the estate held by them as tenants by entireties was not subject to sale on execution, and that the sheriff's deed did not have the effect to divest their title, and that they were still owners of the real estate as tenants by entireties. We quote at length from the well-considered opinion of that court:

"The question we are thus called upon to decide is

entirely new.   The industrious and able attorneys, who have briefed this case and argued it orally before the court, have been unable to cite a case from any court in which the .question has been decided.   The writer of this opinion has made diligent search in the hope of finding a decision of some court which might serve as a precedent, but without avail.   We must therefore determine this question from a consideration of the legal principles which relate. to the creation of estates by the entireties, and which govern the rights and liabilities arising therefrom as affecting the holders of such estates.

"It is claimed by appellants that the estate by entireties has been always regarded by the courts as one created for the enjoyment of the husband and wife during coverture, and that such an estate was intended to be preserved for the use of the family as a homestead, and that it should be protected by the courts against the improvidence of either or both, to the end that it may be so preserved.   This contention has led us to inquire as to the source and origin of estates by entireties.   At common law, such estates were treated as species of joint tenancy.   'An estate in joint tenancy is an estate held by two or more tenants jointly, with an equal right in all to share in the enjoyment of the land during their lives.   Upon the death of any one of the tenants, his share vests in the survivors.'   *   *   *

"By a fiction of the common law, the husband and wife were regarded as one person; the legal existence of the wife being suspended during coverture, or at least incorporated and consolidated into that of the husband.   Blackstone's Comm., book 1, p. 442.   Upon this legal fiction of the unity of husband and wife rests all of the distinctions and peculiarities which distinguish the estate by entireties from other joint estates. · *   *   *

"By reason of the common law fiction heretofore mentioned, the husband and wife, being one person in law, were each incapable of holding any separate interest in an estate so acquired.   *   *   *

"An estate in joint tenancy may be severed or destroyed by the act of one of the tenants, so as to defeat the right of survivorship of the other joint ten-

ant; but a tenant by the entireties cannot during coverture, by deed, mortgage, devise, or other act of his own, defeat the right of the surviving husband or wife to hold the entire estate.  *   *   *

"There may be other distinguishing characteristics of the estate to which we have not referred; but we think that we have gone far enough to show that every peculiarity incident to such estates, distinguishing them from estates in joint tenancy, can be traced to the fiction of the unity of husband and wife.  *   *   *

"There is nothing in the manner in which such estates have been treated by the courts in later times to indicate that it was the policy of the courts to preserve them to the families.  Before the married woman's act, the husband during coverture had the right to the possession and control of the real estate owned by his wife, and this right was held to extend to land by entireties.  (Citing cases.)  As the husband was, before the married woman's act, the absolute owner of the rents and profits of such estates during the joint lives of himself and his wife, this right, according to the weight of authority, could be sold on execution for his debts.  *   *   *

"While the statutes of this State have removed most of the common-law disabilities of a married woman, the common-law unity of husband and wife is preserved, in so far as that fiction is necessary to uphold the estate by entireties.  *   *   *

"The estate by entireties was not created by statute in this State, but is preserved by statute as it existed at common law.  It cannot, therefore, be inferred that the legislature, by the enactment of the statute preserving such estates, intended that it should be exempt from sale on execution to any greater extent than it was by the rules of the common law; but, as we have heretofore shown, the legislature by other statutes has so modified the common law in respect to the right of the husband to possession and usufruct of the separate estate of his wife as to make the husband and wife tenants by entireties in the possession and proceeds of the estate, as well as in the estate itself.  *   *   *

"From what has been said, we think it is apparent that an estate by entireties is subject to sale on exe-

cution, issued upon a judgment rendered against both the husband and wife, unless some reason can be found, arising out of the very nature of the estate, which prevents such a result. The reason that it cannot be sold in satisfaction of a judgment rendered against either of the tenants alone is apparent from the inherent nature of the estate. Neither owns any severable interest therein. But what reason can be suggested, growing out of the nature of incidents of the estate, which could prevent a sale on execution to satisfy a joint debt of both? By their joint deed, they can dispose of their estate, and by their joint mortgage they can incumber it. Jointly they have the complete ownership of the estate, with full power to control and dispose of it at will, and it is a general rule that property so owned is subject to sale on execution to satisfy a judgment against the owner. * * *

"In the case at bar, a personal judgment was taken against Finch Sharpe and Mintie Sharpe upon a debt for which each were personally liable. The question of suretyship of the wife is not involved. The land sold on execution to satisfy this judgment was owned by the judgment debtors as tenants by the entireties. It is our opinion that the land so held by the judgment debtors was liable to be sold on execution to satisfy this judgment." * * *

In 1915, the court of appeals of Maryland, in *Frey* v. *McGaw*, 127 Md. 23 (95 Atl. 960, L. R. A. 1916D, 113), a similar case, used the following language:

"On the third of April, 1913, a judgment was entered by confession in the Baltimore city court in favor of the appellees against George E. Frey and Jennie E. Frey, for the sum of $270. * * *

"At the time of the entry of this judgment George E. and Jennie E. Frey, his wife, owned as tenants by entireties, but subject to a mortgage, a leasehold lot of ground on Linden avenue in the city of Baltimore. * * *

"The case as presented is entirely different from what it would have been if the judgment had been against either Mr. or Mrs. Frey alone. This arises from the peculiar nature of an estate by entireties. It has been repeatedly held in this State that where a

judgment is recovered against one of two tenants by the entireties no lien can attach to the interest of one (citing cases) but it has never been held in this State or elsewhere that in the absence of statutory exemption, where there is an entire judgment against joint defendants, no lien is imposed upon estates or interests in land held by the entireties."

In *Union Nat. Bank of Muncie* v. *Finley*, 180 Ind. 470 (103 N. E. 110), the supreme court of Indiana, in an action commenced by attachment against husband and wife, used the following language:

"The trial court held that the real estate owned by the Finleys as tenants by entireties is not subject to levy under an order of attachment, in a suit on an obligation of such husband and wife, and not subject to execution under a judgment against both. It is claimed by appellant that this holding was erroneous. The case of *Sharpe* v. *Baker*, 51 Ind. App. 547 (96 N. E. 627), involved the same principle here in controversy. In a carefully considered opinion, it was held by the appellate court that land held by husband and wife as tenants by entireties is subject to execution under a judgment against husband and wife. On petition to transfer the cause, the holding of the appellate court was approved by this court.

"Here the obligation sued on was executed by the husband and wife and judgment rendered against both, and under the doctrine declared in *Sharpe* v. *Baker, supra,* the land owned by them as tenants by entireties is subject to sale on execution under the judgment; and it must necessarily follow that it is subject to levy under a writ of attachment, where there is statutory ground for such writ, in a suit on a note executed by the husband and wife, and for a consideration binding on both."   *   *   *

We find no cases to the contrary. Upon principle, we can see no reason why the real estate of husband and wife held by them as tenants by the entireties (independent of homestead and statutory exemptions) should not be subjected to the payment of their joint debts. They own the entire property. The parts can-

not be greater than the whole. They may dispose of it by their joint action. Each is liable to pay the whole judgment, and both are liable to pay any part of it.

As a general proposition it may be said that real estate owned jointly by individuals is subject to levy and sale upon an execution running against such owners jointly, in the absence of homestead and statutory exemptions.

If defendants may own and hold this property free from execution, levy and sale for their joint debt, they may, by the same rule, own and hold millions of dollars worth of real estate free from such levy and sale for their joint debt. This rule ought not to obtain as one affecting real estate, unless there is some good reason for it; and we have been unable to discover any such reason. The policy of the law ought to prevent the tying up of vast amounts of real estate in this manner. We do not believe there is any good reason for the rule contended for by appellants.

Counsel for appellants have also called our attention to Act No. 158, Pub. Acts 1917. The title of that act is as follows:

"An act abrogating the common-law disability of married women insofar as to make and render them competent to bind themselves and become liable with their husbands upon any written instrument, so as to subject the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, and all crops, rents, profits or proceeds thereof or taken therefrom, to the payment and satisfaction of judgments and decrees of courts rendered upon such written instruments and providing for the enforcement of such liabilities, and to repeal all acts or parts of acts contravening the provisions of this act."

We have examined the provisions of this act with great care, and are of opinion that it has nothing whatever to do with the present case.

Enough appears in the record in this case to show that the action in which the judgment was rendered, which was the basis of this proceeding, was based upon the alleged fraud of the defendants in that suit (plaintiffs here), in the exchange of certain real estate. We find nothing in the act referred to, by implication or otherwise, to signify that the joint judgment against husband and wife in such a case could not be satisfied out of the real estate held by them as tenants by entireties.

We are of opinion that the decree of the court below in dismissing the bill was both legal and just. We believe the better doctrine is that a joint judgment against husband and wife may be satisfied out of real estate held by them as tenants by entireties; and for this reason the decree of the court below is affirmed, with costs to the appellees.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.