**In re Donald E. WALTER, d/b/a Orbit Enterprise, Bankrupt.**

**Clifford E. LEONARD, Plaintiff,**

**v.**

**Donald E. WALTER, Defendant.**

**Bankruptcy No. NK 79-00632 B 9.**

United States Bankruptcy Court,
W. D. Michigan.

Feb. 4, 1980.

Dickey & Piper, William R. Dickey, Grand Haven, Mich., for plaintiff.

William R. Worth, Battle Creek, Mich., for defendant.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

Clifford E. Leonard, hereafter Leonard, asks this Court for a stay of granting of a discharge and for relief from stay so that he may proceed to satisfy a joint judgment against the bankrupt and his wife out of real estate held by them as tenants by the entirety.

The parties are agreed on the facts.

Bankrupt and his wife have for several years owned a home and other parcels of real estate as tenants by the entirety. Bankrupt was engaged in business for many years; but, for the last few years, most of the assets of the business were transferred to bankrupt's wife so that bankrupt's claim is that there are few assets available to his creditors in this estate.

Leonard brought suit against bankrupt and his wife for personal injuries caused by a dog attack. In January, 1978, a jury verdict was entered in favor of Leonard and on January 31, 1978, a judgment was entered on the verdict in the District Court for the Tenth Judicial Circuit of Michigan as follows:

"1. It is adjudged that Plaintiff Clifford E. Leonard recover from Defendants Donald E. Walter and Charlotte Walter, jointly; the sum of $2,500.00 under Count I hereof, and that Plaintiff have execution therefor.

"2. It is adjudged that Plaintiff Clifford E. Leonard recover from Defendants Donald E. Walter and Charlotte Walter, damages in the sum of $5,000.00 under Count II hereof, and that Plaintiff shall have execution therefor.

"3. It is adjudged that Plaintiff Clifford E. Leonard recover from Defendants Donald E. Walter and Charlotte Walter, jointly; taxed costs in the sum of $113.55, and that Plaintiff shall have execution therefor."

On April 3, 1979, bankrupt filed a petition for an arrangement under Chapter XI of the Bankruptcy Act of 1898, as amended. On August 23, 1979, he was adjudicated a bankrupt.

The relief prayed for by Leonard is the relief granted by this Court in *In re Black*, 3 Bkrptcy Ct.Dec. 829; 14 Collier Bkrptcy Cases 481 (W.D.Mich., 1977). Because this case involved a joint tort judgment rather than a joint contractual obligation, I requested briefs.

However, the only claim in defendant's brief is that this Court erred in its decision in *In re Black, Supra.* I have reviewed the cases cited by counsel and find no reason to reverse my position. Actually, the equities in this case are stronger than those in *Black* in that in that case, only the debtors home was involved. In this case most of the parcels of real estate are held for business or investment purposes. Also, in this case the bankrupt and his wife have claimed that even most of the equipment and other business assets were transferred to the wife at the time the bankrupt was solvent.

Since *In re Black, Supra*, and the cases cited therein were decided, the Bankruptcy Code of 1978 was enacted on November 6, 1978. Of course, under that Code there would be no problem as entireties property become a part of the debtor's estate for the benefit of all creditors. 11 U.S.C. Sec. 541. However, Title IV Sec. 403(a) of the Code provides that a case commenced under the Bankruptcy Act ·"shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter or proceedings shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted." Therefore, all rights of the trustee to the assets of the debtor are fixed by the Bankruptcy Act and whether title passes to the trustee under Section 70a is still, for pre October 1, 1979, cases, often determined by State law and it has long been held that entireties property does not pass to the trustee because of the State law making such property immune from attack by creditors of either spouse.

Thus, we pass to the issue of whether the *Black* relief can be granted where a joint

tort judgment has been entered against a bankrupt and his spouse. As defendant has not mentioned this issue in his brief, I assume that he is satisfied that if *Black* is good law, then the relief should be granted.

In *In re Black, Supra,* I relied on the Michigan Statute which allowed creditors to satisfy judgments out of entirety estates where the judgment arose out of a joint obligation in writing signed by husband and wife. Mich.Comp.Laws Sec. 557.53 [Mich. Stat.Ann. Sec. 25.25 (Callaghan 1974)]. Such statute would not apply to a joint tort judgment. But, plaintiff relies on *Sanford v. Bertrau,* 204 Mich. 244, 169 N.W. 880 (1918). In that case the facts were interesting, unique and perhaps important. Action had been brought to quiet title in real estate owned by the plaintiffs as tenants by the entirety because of the sale of the property on execution sale to defendants. Originally, the property was purchased by plaintiffs from the defendants. Defendants then sued plaintiffs for damages due to an alleged fraud in the exchange of certain properties including the parcel in question. Defendants obtained a joint judgment against the plaintiffs and a writ of execution was placed in the hands of the sheriff who levied on the property and sold it to defendants and delivered a certificate of sale. The lower court was impressed by the fact that the fraud sued upon involved the same property as was the subject of the bill to quiet title. The Michigan Supreme Court, in affirming the dismissal of the complaint, did not rely on such narrow grounds. Commencing at p. 253, 169 N.W. pp. 883–884, the Court stated:

"Upon principle, we can see no reason why the real estate of husband and wife held by them as tenants by the entireties independent of homestead and statutory exemptions, should not be subject to the payment of their joint debts. They own the entire property. The parts cannot be greater than the whole. They may dispose of it by their joint action. Each is liable to pay the whole judgment, and both are liable to pay any part of it."

"  *  *  *  *

"We believe the better doctrine is that a joint judgment against husband and wife may be satisfied out of real estate held by them as tenants by entireties, *  *  *."

I have found no cases since *Sanford v. Bertrau, Supra,* which involved a joint tort judgment nor do I find that any of the cases relied upon by Sanford were tort cases.

In an article entitled "Creditors v. Tenancies by the Entirety," 1 Wayne Law Review 105 (1955) Professor Bienenfeld concludes as to the law in Michigan:

"To sum up the results of the Statutes and the decisions of the Michigan Court, in order to levy upon entireties property the claimant must obtain a joint judgment against husband and wife. To obtain such a judgment he must prove either:

(1) a special consideration running to the wife's separate estate; or

(2) a written instrument signed jointly by husband and wife."

It is not necessary for me to determine whether or not plaintiff is entitled to satisfaction of his judgment out of entireties property. If I were of the opinion that he could, then, I must grant the relief prayed for. On the other hand, if I am satisfied that he cannot prevail, then, I must deny to plaintiff such relief. *In re Bishop,* 482 F.2d 381 (4th Cir., 1973). However, where there is a reasonable question as to what the Michigan law may be, then, since plaintiff must apply to the Michigan Courts for relief anyway, it is much better that the State Courts determine this issue than the Federal Courts. My duty is to shield the bankrupt from unnecessary harassment and expenses so as to afford him a "fresh start" as guaranteed to him by the Bankruptcy Act. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Local Loan v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

An order will enter providing the following relief:

1. The granting of a discharge is stayed until plaintiff has exhausted his remedies for satisfaction of his joint judgment out of entireties estates or properties as may be treated as entireties estates under M.C.L. Sec. 557.151; M.S.A. Sec. 26.211 or until October 1, 1980, whichever date shall occur first.

2. During the period set forth in paragraph 1 above, the plaintiff is granted relief from stay.

3. The State Court shall determine what, if any, exemption bankrupt and his wife are entitled to.

4. Plaintiff will report to this Court as soon as his judgment has been satisfied or as soon as a final order denying relief is entered.

5. On or before October 1, 1980, an application for an extension may be filed which will be granted only after notice and hearing and upon good cause being shown.

6. Upon notification that plaintiff's claim has been satisfied, his proof of claim will be disallowed.