**In re Gary D. BASCH, Debtor.**

No. 05–10937.

United States Bankruptcy Court,
W.D. Michigan.

April 12, 2006.

Ronald A. Schuknecht, Esq., Traverse City, for James W. Boyd, Chapter 7 Trustee.

Wallace H. Tuttle, Esq., Traverse City, for Gary D. Basch, Debtor.

*OPINION REGARDING THE RECENT-LY ADOPTED MICHIGAN TEN-ANCY BY THE ENTIRETY STAT-UTES*

JAMES D. GREGG, Bankruptcy Judge.

## I. *ISSUE*

Recently, the State of Michigan codified the exempt status of property held as a tenancy by the entirety. MICH. COMP. LAWS § 600.5451(1)(o). A reported decision by another bankruptcy judge in this district has declared this new statutory entireties exemption unconstitutional. The issue to be addressed is very narrow. Need this court decide now whether the Michigan statute is unconstitutional?

## II. *FACTS AND PROCEDURAL BACKGROUND*

On August 8, 2005, Gary D. Basch, "Debtor," filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.[1] James W. Boyd, "Trustee," was appointed as the chapter 7 trustee to administer the bankruptcy estate.

After obtaining an extension from the court, the Debtor timely filed his schedules. On Schedule A, Real Property, four separate parcels of property in the Traverse City, Michigan area are listed. Each parcel is owned as a tenancy by the entirety by the Debtor and his non-debtor wife. On Schedule C, Property Claimed As Exempt, each of the four separate parcels is claimed as exempt under MICH. COMP. LAWS § 600.5451(1)(o).

The Trustee timely objected to the Debtor's claimed exemptions.[2] The Trustee's objection is straightforward: "The statute and/or section of the statute relied upon by Debtor to request an exemption in the parcels of real property has been declared unconstitutional in *In re Raynard,* 327 B.R. 623 (Bankr.W.D.Mich.2005) ...." Trustee's Objection to Exemptions, ¶ 4b.

After the Debtor filed a written response to the objection, this court issued a Scheduling Order which required that legal memoranda on the constitutionality of the exemption statute be filed. Before the deadline for filing the required legal memoranda, counsel jointly requested a status conference which subsequently took place on the record in open court. Both the Debtor's attorney and the Trustee's attorney informed the court that their respective preliminary research revealed that in the same Public Act, effective on the same day, the State of Michigan enacted a *second* statute codifying the same entireties exemption as the statute assertedly declared unconstitutional by the *Raynard* dicta. Based upon this information, the court decided to restrict the issue to whether it must determine the constitutionality of the exemption statute addressed in *Raynard.* The Debtor and Trustee, through counsel, subsequently submitted a supplemental joint letter brief requesting the court to first consider the affect, if any, of the second entireties property exemption, MICH. COMP. LAWS § 600.6023a.

---

1. The Bankruptcy Code is set forth in 11 U.S.C. §§ 101–1330 inclusive, and sometimes referred to herein as " § ___." This case is governed by the Bankruptcy Code which was in effect prior to the 2005 amendments, "BAPCPA." Those amendments generally became effective on October 17, 2005.

2. The objection covers the four parcels of real property and certain other personal property. The real property issue has been severed; the personal property issues will be heard later, if required.

## III. DISCUSSION

### A. Tenancies By The Entirety: Michigan Common Law And Federal Bankruptcy Law.

▮ As explained by the Supreme Court:

Michigan's version of the estate is typical of the modern tenancy by the entirety. Following Blackstone, Michigan characterizes its tenancy by the entirety as creating no individual rights whatsoever: "It is well settled under the law of this State that one tenant by the entirety has no interest separable from that of the other ... Each is vested with an entire title." *Long v. Earle*, 277 Mich. 505, 517, 269 N.W. 577, 581 (1936). And yet, in Michigan, each tenant by the entirety possesses the right of survivorship. Mich. Comp. Laws Ann. § 554.872(g) (West Supp.1997), recodified at § 700.2901(2)(g) (West Supp. Pamphlet 2001). Each spouse-the wife as well as the husband-may also use the property, exclude third parties from it, and receive an equal share of the income produced by it. See § 557.71 (West 1988). Neither spouse may unilaterally alienate or encumber the property, *Long v. Earle, supra* at 517, 269 N.W., at 581; *Rogers v. Rogers,* 136 Mich.App. 125, 134, 356 N.W.2d 288, 292 (1984), although this may be accomplished with mutual consent, *Eadus v. Hunter,* 249 Mich. 190, 228 N.W. 782 (1930). Divorce ends the tenancy by the entirety, generally giving each spouse an equal interest in the property as a tenant in common, unless the divorce decree specifies otherwise. Mich. Comp. Laws Ann. § 552.102 (West 1988).

*United States v. Craft,* 535 U.S. 274, 282, 122 S.Ct. 1414, 1422, 152 L.Ed.2d 437 (2002).

▮ The Court of Appeals for the Sixth Circuit also recognizes that Michigan retains "the common law tenancy by the entirety." *Liberty State Bank & Trust v. Grosslight (In re Grosslight),* 757 F.2d 773, 775 (6th Cir.1985). This type of tenancy is succinctly described by the Sixth Circuit:

Tenants by the entirety, who must be husband and wife, hold under a single title with right of survivorship. Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property; but their joint creditors can reach entireties property. *See Sanford v. Bertrau,* 204 Mich. 244, 169 N.W. 880 (1918).

*Id.* at 775.

▮ "It is now established law that [§ 541(a)] brings entireties property in the bankruptcy estate." *Id.* Filing a bankruptcy petition does not sever a tenancy by entirety. *Spears v. Boyd (In re Spears),* 313 B.R. 212, 217 (W.D.Mich.2004) ("[T]here is no practical reason for altering the longstanding practice of this and other entireties jurisdictions of treating the entireties estate as a single, undivided, but exemptible, part of the bankruptcy estate ...."). However, if a debtor's interest in the entireties property is "not specifically exempted, the debtor's interest in the entireties property may be sold pursuant to 11 U.S.C. § 363(h)—(j)." *Grosslight,* 757 F.2d at 776. If the statutory conditions are met and the entireties property is sold, severance occurs upon sale, and the proceeds of sale are distributed, in accordance with the statute, to the bankruptcy estate and the co-owners. 11 U.S.C. § 363(j).

▮ Also, if the entireties property is exempted by a debtor, and joint creditors exist, an objection to the entireties exemption may be timely filed. FED. R. BANK. P. 4003(b); *Grosslight,* 757 F.2d at

777. If a valid joint claim exists, the entireties property is liable to pay the joint claim and "the entireties property [may] be sold for the benefit of joint creditors." *Id.* (citing *Mich. Nat'l Bank v. Chrystler (In re Trickett)*, 14 B.R. 85 (Bankr. W.D.Mich.1981)).[3] Again, when the *Trickett* sale occurs, the tenancy by the entirety is severed.

As of January 2, 2005, this was the interplay between the Michigan common law entireties exemption and federal bankruptcy law. On January 3, 2005, two new Michigan statutes which addressed entireties property and its exempt status became effective.

### B. *The "Bankruptcy Specific" Entirety Exemption.*

In Public Act 2004, No. 575, immediately effective on January 3, 2005, the State of Michigan adopted a new exemption statute. MICH. COMP. LAWS § 600.5451(1)(*o*) states in pertinent part:

> Sec. 5451. (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:
>
> . . .
>
> (*o*) . . . real property, held jointly by a husband and wife as a tenancy by the entirety, except that this exemption does not apply with regard to a claim based on a joint debt of the husband and wife.

Based upon the preamble which limits the exemption to a "debtor in a bankruptcy under the Bankruptcy Code, 11 USC 101 to 1330," this is a bankruptcy specific exemption. Because it is not available outside of bankruptcy, this exemption provision is constitutionally suspect. *Matter of Cross*, 255 B.R. 25, 34 (Bankr.N.D.Ind. 2000) (when an exemption conflicts with federal bankruptcy law or frustrates the "full effectiveness" of bankruptcy law, it is unconstitutional; "states may not create exemptions that apply *only* in bankruptcy proceedings") (emphasis in original).

One judge in this district has determined the bankruptcy specific entireties exemption, MICH. COMP. LAWS § 600.5451(1)(*o*), is unconstitutional. *In re Raynard*, 327 B.R. 623, 642 (Bankr. W.D.Mich.2005). That judge states:

> The *only logical interpretation* of [the bankruptcy specific entireties exemption] is that it exempts all interests in property owned by the debtor as entireties property regardless of whether the debtor files for bankruptcy relief individually or jointly with his or her spouse but *that the interest, once exempted, remains subject to execution by a prepetition creditor* if that creditor has a joint claim against both spouses.

*Id.* at 642–43 (emphasis added).

But is this conclusory statement the only "logical interpretation"? Might it be properly interpreted that the entireties property, which does not apply to claims based upon joint debts, remains available as property of the estate to be used for distribution to creditors? Might the Michigan legislature have intended to restate established common law and the prior relationship between tenancies by the entirety and federal bankruptcy law? In *Trickett*, Judge Nims said:

> [Under] state law, [the debtor's] interest in property held in the entirety is not subject to the claims of his individual creditors, but the property is subject to

---

**3.** Whether the sale proceeds will be used solely to satisfy the joint creditor, or creditors, or retained by the Trustee for distribution to all creditors in accordance with § 726 need not be addressed now.

620

process by certain joint creditors. Therefore, *there is no exemption of entireties property as to joint creditors* under 11 U.S.C. Sec. 522(b)(2)(B).

*Trickett,* 14 B.R. at 89 (emphasis supplied). Is it not possible that the Michigan legislature intended to echo (however inartfully) the view expressed by Judge Nims in *Trickett?*

Is it not also a logical interpretation that the bankruptcy specific entireties exemption was drafted in a fashion to attempt to avoid unconstitutionality based upon the State of Indiana's experience? In *Cross,* the effect of the Indiana statute "completely exempt[ed] entireties property from administration by a bankruptcy trustee where only one of two spouses files bankruptcy, without regard to the existence of joint creditors." *Cross,* 255 B.R. at 32 (citing *In re Hunter,* 122 B.R. 349, 358 (Bankr.N.D.Ind.1990), *aff'd,* 970 F.2d 299 (7th Cir.1992)). Although not known for certain, is it conceivable that the Michigan legislature included the language, "except that this exemption does not apply with regard to a claim based on a joint debt of the husband and wife," to avoid the constitutional infirmity identified by the Indiana courts in *Cross* and *Hunter?*[4]

To interpret a statute, courts often utilize legislative history[5] or consider various rules of statutory construction. *See, e.g., United States v. Noland,* 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996) (applying rules of statutory construction); *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 255, 112 S.Ct. 1146, 1150, 117 L.Ed.2d 391 (1992) (Stevens, J., concurring) ("Whenever there is some uncertainty about the meaning of a statute, it is prudent to examine its legislative history."); *see also* Felix Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L.Rev. 527 (1947), *reprinted in* 2A Norman J. Singer, *Sutherland Statutory Construction* 375, 389 (5th ed.1992) (examining the difficulties of and process of statutory construction); Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons about How Statutes Are to be Constructed,* 3 Vand. L.Rev. 395 (1950) (detailing twenty-eight canons of statutory constructions and the opposing canon of each). This requires more than an initial impression of what may be "logical."[6]

C. *The "General" Entireties Exemption.*

Also in Public Act 2004, No. 575, immediately effective on January 3, 2005, the State of Michigan adopted another new exemption statute.[7] MICH. COMP. LAWS § 600.6023a states:

Property described in section 1 of 1927 PA 212, MCL 557.151, [the so-called joint instrument of indebtedness entireties exemption], or real property, held

4. The *Raynard* opinion also states that the bankruptcy specific exemption conflicts with 11 U.S.C. § 522(c) and is therefore unconstitutional under the Supremacy Clause, U.S. Const. Art. VI, cl. 2. *In re Raynard,* 327 B.R. at 643. That interpretation is not adequately developed and, given this opinion, need not be addressed.

5. The court is unaware of any legislative history pertaining to the bankruptcy specific entireties exemption.

6. This was one reason that this court's scheduling order required submission of legal memoranda by counsel. Both the Debtor's and the Trustee's counsel were expected to analyze the constitutionality, or lack thereof, of the statute in question by referring to traditional analyses commonly used by the courts.

7. Why the State of Michigan adopted two different statutes on the same day relating to entireties exemptions, one general and one bankruptcy specific, in the same Public Act is unknown.

jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse.

■ One canon of statutory construction instructs that statutes are to be read in the light of common law and a statute affirming a common law rule is to be construed in accordance with the common law. Llewellyn, *supra*, at 401. *See also Bandfield v. Bandfield*, 117 Mich. 80, 82, 75 N.W. 287, 288 (1898) ("The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law ... statutes are to receive such a construction as may be agreeable to the rules of the common law ... for statutes are not presumed to make any alteration of the common law, further or otherwise than the act expressly declares."), *partially overruled on other grounds by Hosko v. Hosko*, 385 Mich. 39, 187 N.W.2d 236 (1971); *People of Mich. v. Thousand*, 465 Mich. 149, 176, 631 N.W.2d 694, 707 (2001) (Marilyn, J., concurring in part and dissenting in part) ("Absent a statute expressly abrogating [a rule of common law], this common-law rule continues ...."). This statutory subsection appears to be a codification of the Michigan common law established by decisions such as *Sanford v. Bertrau*, 204 Mich. 244, 169 N.W. 880 (1918) and recognized by the Sixth Circuit Court of Appeals in *Grosslight*, 757 F.2d at 775. Because this exemption statute is of general applicability and may be used either outside of bankruptcy or inside of bankruptcy by virtue of § 522(b)(2)(B), it appears to be immune from any valid constitutional challenge.

> It is ... axiomatic ... that Congress has not preempted an area wherein it has legislated when it expressly and concurrently authorizes the state legislatures to disregard or opt-out of such federal legislative area. In such instance, rather than preempting the area, Congress expressly authorizes the states to "preempt" the *federal* legislation. Congress did not intend to preempt bankruptcy exemptions through the promulgation of 11 U.S.C. § 522(d) since it vested in the states the ultimate authority to determine their own bankruptcy exemptions.

*Storer v. French (In re Storer)*, 58 F.3d 1125, 1128 (6th Cir.1995) (quoting *Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir.1983) (emphasis in original)).

Based upon review of prior reported decisions, the Sixth Circuit has determined that states may create whatever exemptions they determine to be proper even if the exemptions are less inclusive, or more inclusive, than the federal exemptions in § 522(d). *Storer*, 58 F.3d at 1128 (citations omitted). The Sixth Circuit has also stated that " § 522(b)(1) is not an unconstitutional delegation of congressional legislative power but rather is merely a recognition of the concurrent legislative power of the state legislatures to enact laws governing bankruptcy exemptions." *Id.* at 1129 (citations and internal quotation marks omitted).

### D. Need This Court Determine Whether The Bankruptcy Specific Entireties Exemption is Constitutional?

■ A court should not decide a constitutional issue unless it is absolutely compelled to do so. If another basis for decision exists, the constitutional question should be avoided. "[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *see*

*also Three Affiliated Tribes of Fort Bert-hold Reservation v. Wold Eng'g, P.C.,* 467 U.S. 138, 157, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984) ("It is a fundamental rule of judicial restraint ... that this Court will not reach constitutional questions in advance of the necessity of deciding them."); *Spector Motor Service, Inc. v. McLaughlin,* 323 U.S. 101, 104, 65 S.Ct. 152, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality... unless such adjudication is unavoidable."); *Blair v. United States,* 250 U.S. 273, 279, 39 S.Ct. 468, 63 L.Ed. 979 (1919) ("Considerations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of Congress unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it."); *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) ("[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."); *Dept. of Commerce v. United States House of Representatives,* 525 U.S. 316, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999) (same; construing challenge to use of statistical sampling in decennial census); *Jean v. Nelson,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (same; construing Immigration and Naturalization Service policies toward undocumented unadmitted aliens); *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (same; construing jurisdiction of federal court over state pendent claims); *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (same; determining whether father had standing to challenge teacher-led recitation of Pledge of Allegiance in daughter's classroom); *Seals v. Quarterly County Court,* 526 F.2d 216 (6th Cir.1975) (same; construing state election laws); *Bowman v. Tenn. Valley Auth.,* 744 F.2d 1207 (6th Cir.1984) (same; construing collective bargaining agreement); *Crook, III v. Baker,* 813 F.2d 88 (6th Cir.1987) (same; determining whether University of Michigan properly revoked master of science degree from graduate); *In re United Missouri Bank,* 901 F.2d 1449 (8th Cir.1990) (same; determining bankruptcy judge's statutory authority to conduct jury trials in preference action); *Jeter v. United States Trustee (In re Adams),* 214 B.R. 212 (9th Cir. BAP 1997) (same; addressing constitutionality of Bankruptcy Code requirement that petition preparer include social security number on court documents); *Bruin Portfolio, L.L.C. v. Leicht (In re Leicht),* 222 B.R. 670 (1st Cir. BAP 1998) (same; addressing Massachusetts homestead exemption and avoidance of judicial lien). Based upon all authorities in this lengthy string cite, it must be reiterated—*a court should not pass on the constitutionality of a statute unless it is absolutely required to do so.*

■ The bankruptcy specific entireties exemption in MICH. COMP. LAWS § 600.5451(1)(*o*) may be subject to constitutional challenge. The general entireties exemption in MICH. COMP. LAWS § 600.6023(a) is presumptively constitutional and a codification of traditional common law principles. The general exemption facially appears to be entirely consistent with the prior interpretations of the Michigan common law tenancy by the entirety exemption. *See, e.g., In re Grosslight,* 757 F.2d 773 (discussing the Michigan common law entireties exemption and its applicability in bankruptcy law); *In re Spears,* 313 B.R. 212 (adopting the traditional approach to the Michigan entireties exemption and applying it to exemptions elected by debtors under

the Bankruptcy Code); *Sanford v. Bertrau*, 204 Mich. 244, 169 N.W. 880 (often cited or quoted by federal courts to summarize the nature and effect of the Michigan common law entireties exemption).

A debtor may freely amend bankruptcy exemptions at any time before the case is closed, provided there is no bad faith or concealment of property. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984).[8] Of course, if the Debtor amends the entireties exemption, the Trustee, and other parties in interest, may timely object to the amended exemption. *Id.*; FED. R. BANKR. P. 1009. To avoid any constitutional question, the Debtor would be wise to amend his entireties exemption to list the general exemption, MICH. COMP. LAWS § 600.6023a, in lieu of the currently elected bankruptcy specific entireties exemption, MICH. COMP. LAWS § 600.5451(1)(*o*).[9]

## IV. *CONCLUSION*

It is unnecessary for the court to decide the constitutional issue raised by the Trustee at this time.[10] If the Debtor amends his entireties exemption, it will never be necessary for the court to consider the issue.

A status conference will occur on Friday, May 26, 2006, at 10:30 a.m., in the bankruptcy courtroom, Traverse City, Michigan. If the constitutional issue is still outstanding, the court will impose a new briefing schedule and require the parties to fully address all applicable constitutional and statutory interpretation principles that may be persuasive.

An order shall be entered accordingly.

---

8. Thus far, there is nothing in the record that would suggest that the Debtor lacks good faith, has concealed property, or has intentionally caused prejudice to the Trustee in the administration of this case.

9. Of course, because Michigan is a non-opt-out state, the Debtor may choose to elect the so-called federal bankruptcy exemptions, § 522(d). This is unlikely inasmuch as such an election would be economically disadvantageous to the Debtor.

10. For what it may be worth, and ignoring the unnecessary dicta about the purported unconstitutionality of the bankruptcy specific exemption, the *Raynard result* appears sound when one applies a traditional legal analysis of claims classification and unfair discrimination. 11 U.S.C. § 1322(b)(1); *see, e.g., In re Kovich*, 4 B.R. 403 (Bankr.W.D.Mich.1980); *cf. Talbert v. City Mortgage Servs. (In re Talbert)*, 344 F.3d 555, 562 n. 6 (6th Cir.2003) (Sixth Circuit Court of Appeals declines to discuss bankruptcy court's rationale for decision and applies the "more prudent analytical approach" utilized by the district court on appeal).