ELECTRONIC CITATION:  2006 FED App. 0007P (6th Cir.)
File Name:  06b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

_____

|                                             |     |               |
|---------------------------------------------|-----|---------------|
| In re:  ALAN W. RAYNARD and KAREN E. RAYNARD, | )   |               |
|                                             | )   |               |
| Debtors.                                    | )   | No. 06-8002   |
| _____   | )   |               |
|                                             | )   |               |
| ALAN W. RAYNARD and KAREN E. RAYNARD,       | )   |               |
|                                             | )   |               |
| Appellants,                                 | )   |               |
| v.                                          | )   |               |
|                                             | )   |               |
| BRETT N. ROGERS,                            | )   |               |
|                                             | )   |               |
| Appellee.                                   | )   |               |
| _____   | )   |               |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan, Northern Division at Marquette.
No. 05-90027.

Submitted: May 3, 2006

Decided and Filed: October 25, 2006

Before: AUG, LATTA, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  David E. Bulson, Sault Ste. Marie, Michigan, for Appellants.

---

## OPINION

---

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge.  Debtors appeal an order denying confirmation of their chapter 13 plans and dismissing their case.

## I.    ISSUES ON APPEAL

Whether the Debtors' proposed Chapter 13 plan, prior to amendment, unfairly discriminated between joint and individual creditors even though the only property available for distribution in a hypothetical Chapter 7 case would be property held as tenants by the entireties.  Whether the Debtors' proposed chapter 13 plan, as amended, meets the best interest of creditors test.  Whether the bankruptcy court abused its discretion in dismissing the bankruptcy case.

## II.    JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Western District of Michigan has authorized appeals to the Bankruptcy Appellate Panel for the Sixth Circuit ("BAP").  A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted); *Copper v. Copper (In re Copper)*, 314 B.R. 628, 629-30 (B.A.P. 6th Cir. 2004), *aff'd,* 426 F.3d 810 (6th Cir. 2005).  An order dismissing a Chapter 13 case is a final order.  *WCI Steel, Inc. v. Wilmington Trust Co.,* 338 B.R. 1, 9-10 (N.D. Ohio 2005).  The BAP has jurisdiction to decide this appeal.

The bankruptcy court's determination that the Debtors' Chapter 13 plan unfairly discriminated between creditors and failed to meet the best interest of creditors test are conclusions of law that will be reviewed de novo.  The court's decision to dismiss the case will be reviewed for

abuse of discretion. An abuse of discretion occurs when a court improperly applies the law or uses an incorrect legal standard. *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1007).

## III. FACTS

The Debtors, Alan and Karen Raynard, are Michigan dairy farmers. They own both their farm and their residence as tenants by the entireties. The Debtors filed their joint Chapter 13 petition on January13, 2005. They have proposed a plan and three amendments for confirmation. The bankruptcy court twice denied confirmation of their plan and finally dismissed their case.

The Debtors' schedules list the value of their farm as $240,000 and the value of their residence as $130,000. The properties are subject to mortgage liens of $129,715 and $112,874 respectively. The bankruptcy court determined that after allowing 10% for liquidation costs, the Debtors had $86,285 in equity in their farm and $4,126 in equity in their residence. The Debtors claimed both their farm and their residence as exempt pursuant to 11 U.S. C. § 522(b)(2)(B) and Michigan Comp. Laws § 600.6018. The Chapter 13 trustee filed an objection to the Debtors' claim of exemption, but neither party requested that the objection be set for hearing.

The Debtors' original plan proposed to pay nothing to their unsecured creditors, whose claims, as listed by the Debtors, totaled $88,101. The Debtors subsequently filed a pre-confirmation amendment to their plan, in which they proposed to divide their unsecured creditors into two classes, the first consisting of creditors holding joint claims, and the second consisting of creditors holding individual claims. The Debtors proposed that the first class be paid a total of $29,443 (the total amount of the joint claims as listed by the Debtors), while the second class would be paid a total of $1,000 (against individual claims of $58,658).

The Debtors filed a second pre-confirmation amendment in which they proposed to pay joint creditors "100 percent through the debt plan," and left unchanged the $1,000 amount to be shared by all individual creditors. The bankruptcy court denied confirmation of this second amended plan

by order entered July 15, 2005, on the basis that it discriminated unfairly in favor of joint creditors in violation of 11 U.S.C. § 1322(b)[1]. The bankruptcy court permitted the Debtors to file an amendment to their plan to conform to its ruling.

The Debtors filed a third pre-confirmation amendment to the plan whereby they proposed that during the first three years of their plan, all non-priority unsecured creditors would be paid pro rata after the secured creditors and priority unsecured creditors were paid. Thereafter, individual creditors were to receive nothing from the plan, unsecured priority creditors, if any, would be paid in full, and general unsecured creditors holding joint claims would likewise be paid in full.

The bankruptcy court denied confirmation of the Debtors' third amended plan in an order entered November 4, 2005, on the basis that it was not in the best interest of creditors in violation of 11 U.S.C. § 1322(a)(4). The court further ordered that the Debtors not be permitted an additional opportunity to amend their existing plan or file a new plan because they were "either unable or unwilling to propose a plan that will conform to the rulings I have made in this case." Finally, the court dismissed their Chapter 13 case because they twice failed to obtain confirmation of their plan. The court noted that while it would be in the best interest of creditors that the case be converted to Chapter 7, this was not permitted without the Debtors' consent because they were farmers. *See* 11 U.S.C. § 1307(e). As a result of the dismissal of the Debtors' case, both of the bankruptcy court prior orders denying confirmation of their proposed plans became final. The Debtors timely appealed the November 4, 2005, order. The titular Appellee, the Chapter 13 trustee, declined to respond and, in fact, filed a letter in support of the Debtors' position.

---

[1] This case was filed prior to the effective dates of amendments to the Bankruptcy Code set out in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 ("BAPCPA"). All citations to the Bankruptcy Code (title 11 of the United States Code) refer to the Code as it existed prior to BAPCPA.

## IV.   DISCUSSION

The Debtors argue now and argued before the bankruptcy court that in a hypothetical distribution under chapter 7, their unsecured individual creditors would receive nothing because it is settled law in Michigan that only joint creditors can reach entireties property.  Therefore, they argue that the equity in their entireties property is completely exempt from the claims of individual creditors, but not exempt (to the extent it exceeds their homestead exemption) from the claims of joint creditors.  As a result, they contend that they should be permitted to propose a plan that discriminates between joint creditors and individual creditors on the basis that individual creditors are not entitled to be paid from entireties property.

The bankruptcy court rejected the Debtors' argument and concluded that the non-exempt equity in the Debtors' property must be administered for the benefit of all unsecured creditors, both joint and individual.  That is, the court decided that under the Bankruptcy Code, any portion of the value of the Debtors' property that would be available to satisfy joint claims under state law should be used to satisfy all claims, both joint and individual, under federal bankruptcy law.  The Panel reviews the bankruptcy court's conclusions of law de novo.  While deference is given to the bankruptcy court's findings of fact, no deference is given to the court's conclusions of law.  No challenge was raised to the factual findings of the bankruptcy court, which were summarized above. The issues before the Panel are purely legal issues.

Pursuant to section 522(b) of the Bankruptcy Code, debtors are permitted to exempt certain property from the claims of creditors.  In those states, such as Michigan, that have not opted out of the federal bankruptcy exemptions, debtors are free to choose between two sets of exemptions provided by the Bankruptcy Code, provided that both spouses in a joint case make the same election. The Debtors elected to claim the exemptions provided by section 522(b)(2), generally those exemptions provided by state law. Regarding their real property, the Debtors claimed an exemption of $17,126 with respect to their home and $110,285 with respect to their farm, in both cases citing 11 U.S.C. § 522(b)(2)(B).  These amounts represent the estimated equity in each of the parcels of

real property after satisfaction of outstanding mortgages. Section 522(b)(2)(B) provides an exemption for:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B).

The Debtors assert that under Michigan law, the full value of their interests as tenants by the entireties is exempt from the claims of the individual creditors of either one of them, and therefore that this same value is exempt from the claims of individual creditors in their bankruptcy case. The Debtors are correct. The court of appeals has made this clear:

> Michigan is one of a minority of states retaining the common law tenancy by the entirety. Tenants by the entirety, who must be husband and wife, hold under a single title with right of survivorship. Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property; but their joint creditors can reach entireties property.

*Liberty State Bank and Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773, 775 (6th Cir. 1985) (citing *Sanford v. Bertrau*, 204 Mich. 244, 169 N.W. 880 (1918)). Nothing in the Bankruptcy Code changes this result. The bankruptcy court erred when it limited the language "to the extent that" in section 522(b)(2)(B) to a dollar amount. In effect, the bankruptcy court read section 522(b)(2)(B) to provide an exemption only to the extent of the amount not needed to satisfy joint claims. It then reasoned that because the amount needed to satisfy joint claims was not exempt under bankruptcy law, that amount should be available to satisfy all claims, whether joint or individual. The bankruptcy court failed to realize that entireties property is fully exempt from the claims of individual creditors under all circumstances. That is the *extent to which* it is exempt. Individual creditors are not entitled to a windfall as the result of the filing of a bankruptcy case. Whether

outside of a bankruptcy estate or inside it, a debtor's interest in property held as a tenant by the entireties is exempt from the claims of his or her individual creditors pursuant to the common law of Michigan. The court of appeals could not have been more clear on this point: "Under Michigan law, ordinary creditors cannot reach interests in entireties property, and the entire interest will therefore be exempt if there are no joint creditors." *Id*.

The Debtors in this case have filed a joint case and have proposed a joint plan. That plan provides for payment to unsecured creditors, both joint and individual. The proposal of their present plan resulted from the bankruptcy court's prior incorrect conclusion that the Bankruptcy Code does not permit discrimination between joint creditors and individual creditors when the only property available for distribution in a hypothetical Chapter 7 case is property exempt from the claims of individual creditors. It appears that the Debtors' second amended plan was capable of confirmation. It did not unfairly discriminate between classes of creditors.

Denial of confirmation of the Debtors' third amended plan was based upon the putative failure of the plan to satisfy the best interest of creditors test. This determination resulted from the same error as to the effect of a tenancy by the entireties on the claims of individual and joint creditors. For purposes of making the best interest of creditors analysis in this case, it must be assumed that joint creditors would be paid in full because the value of the Debtors' real property after satisfaction of secured claims and their homestead exemption exceeds the amount of outstanding joint claims, and individual creditors would be entitled to no payment from entireties property. The Debtors' third amended plan was likewise capable of confirmation.

The bankruptcy court dismissed the Debtors's bankruptcy case after it refused to confirm the Debtors' third amended plan in the face of the Debtors' continued maintenance of the position that their joint creditors were entitled to more favorable treatment than their individual creditors. Because the bankruptcy court employed an incorrect legal standard in deciding to deny confirmation of the Debtors' plan, the resulting dismissal of their case was an abuse of discretion.

## V.  CONCLUSION

For the foregoing reasons, this decision of the bankruptcy court is **REVERSED** and the case is **REMANDED** to the bankruptcy court for entry of orders consistent with this opinion.