ELECTRONIC CITATION:  2011 FED App. 0017P (6th Cir.)
File Name:  11b0017p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**


In re:  WILLIAM WARREN INGRAM,    )
    )    No. 11-8013
    Debtor.    )
_____)


Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 10-21313

Decided and Filed:  December 16, 2011

Before:  BOSWELL, FULTON, and McIVOR, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Dean P. Wyman, DEPARTMENT OF JUSTICE, OFFICE OF THE UNITED STATES TRUSTEE, Cleveland, Ohio, Noah M. Schottenstein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. William W. Ingram, Cleveland, Ohio, for Appellant.

_____

**OPINION**
_____


THOMAS H. FULTON, Bankruptcy Appellate Panel Judge.  William Warren Ingram (the "Debtor") appeals an order of the bankruptcy court dismissing his chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307 for failure to complete mandatory prepetition credit counseling prior to filing his petition as required by 11 U.S.C. § 109(h)(1), and the denial of his motion seeking reconsideration of that order.  For the reasons that follow, the Panel AFFIRMS the bankruptcy court.

1

# I.  ISSUE ON APPEAL

Did the bankruptcy court abuse its discretion in dismissing the Debtor's chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307 for failure to complete mandatory prepetition credit counseling prior to filing his petition as required by 11 U.S.C. § 109(h)(1)?

# II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court.  28 U.S.C. § 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  An order dismissing a debtor's chapter 13 case is a final, appealable order.  *Raynard v. Rogers* (*In re Raynard*), 354 B.R. 834, 836 (B.A.P. 6th Cir. 2006).

The bankruptcy court's dismissal of the Debtor's case is reviewed for an abuse of discretion. *In re Anderson*, 397 B.R. 363 (B.A.P. 6th Cir. 2008).  "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008).

> An abuse of discretion is defined as a definite and firm conviction that the court below committed a clear error of judgment.  The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*Mayor of Balt., Md. v. W. Va.* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (internal quotation marks and citations omitted).

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)).

The bankruptcy court's legal conclusions are reviewed *de novo*. *Solis v. Laurelbrook Sanitarium and School, Inc.,* 642 F.3d 518, 522 (6th Cir. 2011). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A.* (*In re Periandri*), 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations omitted).

## III. FACTS

On November 17, 2010, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On November 18, 2010, he filed a "Certificate of Credit Counseling" that indicated that the counseling session was completed on November 18, 2010, *i.e.*, postpetition. At a hearing on a creditor's motion for relief from stay held on December 16, 2010, the Debtor represented to the bankruptcy court that the certificate was incorrect and that he actually completed the counseling session before he filed his bankruptcy petition at 4:00 p.m. on November 17, 2010. On December 17, 2010, the bankruptcy court issued an order for the Debtor to show cause why his case should not be dismissed pursuant to 11 U.S.C. § 109(h) and an order inviting the UnitedStates Trustee's ("Trustee") office to make inquiries to the credit counseling agency to ascertain the actual status of the Debtor's credit counseling progress as of the date of filing of the petition.

Following investigation of the matter, the Trustee filed a motion to dismiss the Debtor's case pursuant to 11 U.S.C. §§ 1307(c) and 109(h). The bankruptcy court held a hearing on the motion to dismiss on January 20, 2011, at which the Trustee represented to the bankruptcy court that, although the Debtor completed the online portion of his counseling on November 17, 2010, he did not complete the telephone component until November 18, 2010. Following the Trustee's representations at the hearing and providing the Debtor an opportunity to respond, the bankruptcy court orally dismissed the Debtor's case on the Trustee's motion. The bankrtptcy court found that the Debtor's briefing session for which he registered required both internet and phone portions[1] and, having not completed both prepetition, the Debtor was ineligible under § 109(h). The court explained to the Debtor on the record:

> I'm going to grant the Trustee's motion to dismiss. That doesn't mean that the case can't be refiled or a new case can't be filed again. But the language of 109(h) is straightforward and the provision that says that the service can be either by telephone or by internet, it doesn't mean that if the service is some of both - - it could be all on the phone, it could be all in person and it could be all on the internet, but you need to complete whatever the briefing session is. So if the briefing session that you signed up for says that you need to do two parts, then you have to do both parts and finish both parts before the case is filed in order to qualify, unless you fall within the exigent circumstances exception. And the problem with the exigent circumstances exception, while I certainly appreciate the fact that losing your house or your - - the place that you're staying is an important matter to address and in a quick way, the problem is that

---

[1]Prior to filing his petition, the Debtor had registered with the Consumer Credit Counseling Service of Apprisen Financial Associates. The registration materials included the following statement:

> When you have completed the internet portion of your pre-filing counseling, a Certified Credit Counselor will contact you and set up your phone session **within 3 business days**. At that time they will review your budget and financial net worth statement that you completed and printed. After your telephone session is complete, the Certificate of Counseling will be issued.

(Bankr. Ct. Doc. #42, Ex. 1, at 3.) (emphasis in original).

4

when you filled out your original Exhibit D to the petition, you checked the second box, which says you completed the briefing session, and although you had marked the exigent circumstances, you initialed that and said entered in error or that it was wrong. And you have to make that request when you file the case. And that's something that's filed under penalty of perjury. And I appreciate your - - your sort of unchecking the box for exigent circumstances, but I don't think you can then raise that issue again after the fact.

So this, unfortunately, has been - - it's been around now for a little over five years and it's sort of a trap for the unwary and people that represent themselves are the most likely to fall into this. But I don't have any other option. I read this as literally and I've tried to apply it uniformly. And in your circumstances, Mr. Ingram, you're simply not eligible under 109(h).

(Bankr. Ct. Doc. #98, Transcript of Jan. 20, 2011 hearing, at 4-6.) On January 21, 2011, the bankruptcy court entered a written order dismissing the Debtor's case without prejudice.

On January 21, 2011, the Debtor filed a motion to reconsider and the Trustee objected. On February 3, 2011, the bankruptcy court held a hearing on the motion to reconsider. The Debtor appeared at the hearing and asserted that the credit counseling agency led him to believe he had completed the course with the internet session and that the follow-up session by phone was "just for the certificate." The court explained that if the credit counseling agency misled the Debtor into believing he had completed the class timely, the agency might be required to reimburse the debtor's costs, but that would not change the Debtor's failure to comply with 11 U.S.C. § 109(h). The court, therefore, denied the motion to reconsider dismissal. The Debtor's timely appeal followed on February 4, 2011.

# IV. DISCUSSION

11 U.S.C. § 109(h) mandates that:

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). 11 U.S.C. § 109(h)(3)(A) provides for a deferment of this requirement only where a debtor establishes that: (1) exigent circumstances merit a waiver of the Section 109(h)(1) requirement; (2) the debtor requested credit counseling services from an approved agency, but was unable to obtain the services within seven days of making the request; and (3) the certification is satisfactory to the court. *See* 11 U.S.C. § 109(h)(3)(A).

The Bankruptcy Code does not expressly state whether dismissal of a case is mandated where a debtor fails to satisfy the requirement of § 109(h). Courts that have addressed this issue are divided as to whether dismissal is mandated. The Sixth Circuit Court of Appeals has not addressed the issue of § 109(h) as it relates to eligibility for bankruptcy relief. The Sixth Circuit BAP has recently explained:

> Some courts have held that a court has the discretion to waive a debtor's non-compliance with § 109(h). These decisions are based largely on the conclusion that failure to satisfy § 109(h) is an eligibility question as opposed to a jurisdictional issue and that strict compliance with the credit counseling requirements of § 109(h) can be waived. These courts also hold that a court has the discretion to

6

determine whether declining to exercise jurisdiction based on the failure to comply with § 109(h) would result in manifest injustice.

Other courts have held that strict compliance with the credit counseling requirement is mandatory and a court simply lacks jurisdiction over a debtor's case where the debtor fails to comply with § 109(h). These courts have held that if a debtor does not comply with § 109(h), a court has no discretion but to dismiss the case. These decisions are based largely on the conclusion that the plain meaning of § 109's statutory language is clear and the sole function of the courts is to enforce it according to its terms. These cases hold that dismissal is mandatory even if it leads to harsh or inequitable results.

*Simon v. Amir* (*In re Amir*), 436 B.R. 1, 20-21 (B.A.P. 6th Cir. 2010) (internal citations and quotations omitted.)

In *Amir*, the debtor sought dismissal of his own case for failure to comply with § 109(h). The bankruptcy court concluded that the debtor had waived his right to move for such a dismissal and denied his motion to dismiss. Because the debtor moved for dismissal only after he appeared in the bankruptcy court on numerous occasions and filed several pleadings with the court, and only after the bankruptcy court avoided a lien on the debtor's property and found it was property of the estate, the BAP found no abuse of discretion in the bankruptcy court's decision to deny the debtor's motion to dismiss. *Id*. at 22. In so finding, the BAP further explained:

In cases where debtors have attempted to use their own non-compliance strategically in order to have their cases dismissed when further proceedings were not to their benefit, most courts have held that a court has the discretion to waive the § 109(h) requirement. Oftentimes courts faced with these types of debtors find them to be unsympathetic and disingenuous movants. This is especially true when the debtor does not move for dismissal under § 109(h) until after a court has found significant assets that can be sold for the

7

> benefit of the estate. These decisions are based largely on issues of statutory interpretation and the doctrine of judicial estoppel.

*Id.* at 21 (internal citations and quotations omitted.)

Here, the record is clear that the Debtor did not complete the required credit counseling until after he filed his petition. The record shows that the Debtor did not complete the telephone portion of the briefing or receive his individual budget analysis, a mandatory portion of the counseling under § 109(h), until November 18, 2010, the day after his petition was filed. The certificate of counseling that the Debtor filed on November 18, 2010, also states that the Debtor received the individual briefing in compliance with § 109(h) on November 18, 2010, the day after his petition was filed. Additionally, as the bankruptcy court explained, the Debtor did not submit a certification at the time of his filing that exigent circumstances merited a waiver of the requirements of § 109(h)(1).

The bankruptcy court applied the proper legal standard in dismissing the Debtor's petition and therefore, it did not abuse its discretion. "When 'the statute's language is plain, the sole function of the courts'—at least where the disposition required by the text is not absurd—'is to enforce it according to its terms.'" *Hildebrand v. Petro* (*In re Petro*), 395 B.R. 369, 374 (B.A.P. 6th Cir. 2008) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000)); *see also INS v. Pangilinan*, 4486 U.S. 875, 883, 108 S. Ct. 2210 (1988) ("Courts of equity can no more disregard statutory and constitutional requirements than can courts of law."); *cf., I.R.S. v. Levy* (*In re Landbank Equity Corp.*), 973 F.2d 265, 271 (4th Cir. 1992) (recognizing that a bankruptcy court's status as a court of equity "does not confer on the court unlimited authority to ignore plain statutory requirements" but that "[t]here do exist equitable

doctrines available for use in those extraordinary cases in which manifest injustice would result if established legal principles were to be applied.")[2]

The requirements of § 109(h) are clear and unambiguous. As such, the bankruptcy court, except in the limited circumstances set forth in § 109(h)(2), (3), and (4) which were not present here, did not have discretion to ignore, modify, or defer the requirements of § 109(h)(1). Compliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with § 109(h). *See* 11 U.S.C. § 109(h); 11 U.S.C. § 301(a) ("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."); *see also* H.R. Rep. No. 109-31 (2005) (the Report of the Committee on the Judiciary for the House of Representatives noted that the purpose of § 109(h) is to "require[] debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences."); *In re Cole*, 347 B.R. 70, 73 (Bankr. E.D. Tenn. 2006) (concluding that a debtor who obtained credit counseling on the same day he filed for bankruptcy relief "does not comply with § 109(h) and is not eligible to be a debtor under title 11.")

Because the Debtor did not comply with the requirements of § 109(h), or qualify for a deferral of the credit counseling requirement, he is not eligible to be a debtor. Therefore, the bankruptcy court properly dismissed the Debtor's case.

---

[2] This case does not require the Panel to determine the issue of whether such equitable doctrines may be invoked in "extraordinary cases" to excuse a failure to comply with § 109(h) under the doctrine of "manifest injustice." The circumstances surrounding the Debtor's failure to comply do not make this an extraordinary case. The Debtor began, but simply did not complete, his counseling session prepetition. The information provided upon his registration clearly stated that the phone portion was a requirement. Moreover, the Debtor was not precluded from refiling his petition as the order of dismissal was without prejudice. In fact, had the Debtor immediately re-filed, he could have utilized the credit counseling certificate dated November 18, 2010. However, now that the Debtor has allowed more than 180 days to lapse, he will have to obtain a new certificate.

## V. CONCLUSION

For the foregoing reasons, the Panel AFFIRMS the bankruptcy court orders dismissing the Debtor's Chapter 13 bankruptcy case and denying Debtor's motion to reconsider the dismissal.