**In re Curtis GORDON, Jr., Debtor.**

No. 12–30745.

United States Bankruptcy Court,
W.D. Kentucky.

March 21, 2012.

Gordon A. Rowe, Jr., Louisville, KY, for Debtor.

## SUPPLEMENTAL MEMORANDUM

ALAN C. STOUT, Bankruptcy Judge.

This case came before the Court on March 20,2012, for a hearing on the Motion to Dismiss Case, the Amended Motion to Dismiss case, both filed by the U.S. Trustee (hereinafter "UST") and the Expedited Motion for Debtor to Appear for Chapter 11 Hearings Other than in Person filed by the Debtor. Both a representative of the UST and counsel for the Debtor appeared at the hearing. At the conclusion of the hearing, the Court announced its intent to grant the UST's dismissal motions and indicated that a written opinion to this effect would be entered shortly. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

### FINDINGS OF FACT

The Debtor filed this Chapter 11 case on February 20, 2011. In his petition, the Debtor listed a prior case filed within the last eight (8) years, 10–34581. Included with the petition, the Debtor attached a Certificate of Credit Counseling. This certificate is dated August 20, 2010.

In the Motion to Dismiss, the UST alleges that this Chapter 11 case should be dismissed due to the fact that the Debtor is now incarcerated in prison in Pennsylvania, serving a 39 month sentence for tax evasion. As such, the Debtor will not be able to attend any of the required hearings or meetings with the United States Trustee.

In the Amended Motion to Dismiss, the UST added that the Debtor used the Certificate of Credit Counseling ("Certificate") from a previous case, 10–34581. The Certificate is dated August 20, 2010. The UST alleges that this stale Certificate is also grounds for dismissal.

In the Debtor's motion, he admits that he is currently incarcerated in federal prison in Pennsylvania. In lieu of attending

the required meetings and hearings in person, the Debtor instead requested that he be allowed to appear via videoconference, through a power of attorney, or possibly telephonically.

## CONCLUSIONS OF LAW

This matter is before the Court on the UST's Motions to Dismiss. Matters concerning the dismissal of a case, which affects both the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship, are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). As a core proceeding, this Court possesses the jurisdictional authority to enter final orders in this matter. 28 U.S.C. § 157(b)(1).

■ The UST is seeking dismissal for several reasons. The Court will first address the allegations concerning the Certificate. 11 U.S.C. § 109(h) states that:

an individual may not be a debtor under this title unless such individual has, during the 180–day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). In this case, the Certificate filed by the Debtor indicates that the counseling received occurred more than 180 days prior to the fling of the case. The Certificate is dated August 20, 2010, and the Debtor filed this case on February 20, 2012. Section 109(h)(3)(A) provides for a deferment of this credit counseling requirement only where a debtor establishes that: (1) exigent circumstances merit a waiver of the Section 109(h)(1) requirement; (2) the debtor requested credit counseling services from an approved agency, but was unable to obtain the services within seven days of making the request; and (3) the certification is satisfactory to the court. See 11 U.S.C. § 109(h)(3)(A). According to the plain meaning of the statute, the three requirements of Section 109(h)(3)(A) are conjunctive, and a debtor therefore must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral. The Debtor in this case neither asked for a deferment nor established the requirements for a deferment.

■ Section 109(h)(4) provides that the credit counseling requirement does not apply to persons who are incapacitated, disabled, or on active military duty in a combat zone. The Code specifically defines disability to mean "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing required under [§ 109(h)(1) ]." 11 U.S.C. § 109(h)(4). Incarceration does not fall within the meaning of "disability" under the guidelines set forth by Congress in § 109(h)(4). *In re Star,* 341 B.R. 830 (Bankr.E.D.Va.2006). Therefore, the Debtor does not meet the exception for permanent waiver pursuant to § 109(h)(4).

■ As the Sixth Circuit Bankruptcy Appellate Panel held in *In re Ingram,* 460 B.R. 904 (6th Cir. BAP 2011), the "Bankruptcy Code does not expressly state whether dismissal of a case is mandated where a debtor fails to satisfy the requirement of § 109(h)." In *Ingram,* the BAP affirmed the bankruptcy court's dismissal of a case due to the debtor's failure to

comply with § 109(h). "Compliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with § 109(h)." *Id.* at 910. Like in *Ingram,* the Debtor in this case did not comply with the requirements of § 109(h), or qualify for a deferral or waiver of the credit counseling requirement. As such, he is not eligible to be a debtor and this case must be dismissed.

█ The Court could stop at this point, but will instead also address the matters raised in the UST's original Motion to Dismiss. In that motion, the UST sought dismissal due to the Debtor's incarceration and inability to attend both hearings before this Court and the meetings with the UST. As the Court stated on the record at the hearing, this Court will follow the precedent in this District holding that incarceration is not grounds for failing to appear at hearings or meetings of creditors. *See In re Francis,* 1999 WL 496271 (Bankr. W.D.Ky.1999); *In re Ayers,* No. 09–33020 (Bankr.W.D.Ky.2009); *In re Regan,* No. 08–41330 (Bankr.W.D.Ky.2008) (all citing *In re Sochia,* 231 B.R. 158 (Bankr. W.D.N.Y.1999)). As the Court held in *In re Norris,* No. 10–32624 (Bankr.W.D.Ky. 2010):

> The Constitution does not grant a person an absolute right to file bankruptcy or to receive a discharge. Indeed, it is very well established law that a discharge in bankruptcy is a privilege, not a right. In order to obtain that privilege, Congress has enacted legislation requiring debtors to personally undertake a credit counseling course and appear at the 341 meeting of creditors. 11 U.S.C. §§ 521(b) and 343.

*Norris* at 2 (citation omitted). These directives would be completely undermined should the Court allow the Debtor to appear via videoconferencing, telephonically, or via a Power of Attorney as the Debtor suggests. In light of this precedent, the Court will also dismiss this Chapter 11 bankruptcy case due to the Debtor's admitted inability to attend the 341 meeting of creditors, as well as the many hearings that would be required in this Chapter 11 case.

To conclude, the Court will grant the UST's motions to dismiss both due to the stale Certificate, as well as the Debtor's inability to comply with his statutory duties to attend meetings and hearings. An Order accompanying this Memorandum will be entered this same date.

### SUPPLEMENTAL ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that the UST's Motion to Dismiss and Amended Motion to Dismiss are **GRANTED.**

**IT IS FURTHER ORDERED** that the Debtor's Expedited Motion for Debtor to Appear for Chapter 11 Hearings Other than in Person is **DENIED.**