*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 13b0005n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: THOMAS E. DYER, | ) | |
| MARY ANNE DYER, | ) | No. 12-8030 |
| | ) | |
| Debtors. | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 12-52745

Decided and Filed: March 14, 2013

Before: EMERSON, HARRIS, and LLOYD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF: Michael T. Gunner, Hilliard, Ohio, for Appellants. John W. Kennedy, OFFICE OF
CHAPTER 13 TRUSTEE, Columbus Ohio, for Appellee.

_____

**OPINION**
_____

JOAN A. LLOYD, Bankruptcy Appellate Panel Judge. In this appeal, Debtors-Appellants
Thomas E. Dyer and Mary Anne Dyer (collectively the "Debtors") appeal a June 26, 2012 order (the

1

"Dismissal Order") of the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") denying confirmation of the Debtors' Chapter 13 plan, dismissing the Debtors' case, and ordering disgorgement of the Debtors' counsel's fees. The Debtors also appeal a July 17, 2012 order of the Bankruptcy Court denying the Debtors' motion to amend or make additional findings to the Dismissal Order and denying the Debtors' motion to reconsider.

For the reasons that follow, the Panel vacates the Bankruptcy Court's June 26, 2012 Dismissal Order, and remands for further proceedings consistent with this opinion.

## I.    ISSUES ON APPEAL

The issues in this appeal are as follows: (1) whether the Bankruptcy Court abused its discretion when it denied the Debtors' Chapter 13 plan and dismissed the Debtors' case based on the termination of the automatic stay under 11 U.S.C. § 362(c)(3)(A); and (2) whether the Bankruptcy Court abused its discretion when it ordered the Debtors' counsel's fees disgorged based on counsel's failure to file a motion to extend the automatic stay under 11 U.S.C. § 362(c)(3)(B).

## II.    JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). A bankruptcy court's order dismissing a Chapter 13 case is an appealable final order. *In re Ingram*, 460 B.R. 904, 906 (B.A.P. 6th Cir. 2011). A bankruptcy court's order of disgorgement is also an appealable final order.

*See Campbell v. Carroll* (*In re Campbell*), 396 B.R. 500, 503 (E.D. Mich. 2008) ("[A]n order conclusively granting or denying attorney's fees to a debtor's attorney constitutes [] a final order.").

A bankruptcy court's dismissal of a Chapter 13 case is reviewed for an abuse of discretion, *In re Ingram*, 460 B.R. 904, 906 (B.A.P. 6th Cir. 2011), as is a bankruptcy court's decision to order disgorgement of attorney's fees. *See Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 478 (6th Cir. 1996) (reviewing disgorgement of fees under abuse of discretion standard); *In re Scarlet Hotel, LLC*, 392 B.R. 698, 701 (B.A.P. 6th Cir. 2008) ("[A] bankruptcy court's decision to award fees is reviewed for an abuse of discretion."). The bankruptcy court's decision, under this standard, will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). *See also Mayor and City Council of Baltimore, Md. v. W. Va.* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) ("An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'"). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

### III.    FACTS

The factual and procedural background of this case is undisputed. The Debtors previously filed under Chapter 13 of the Bankruptcy Code on November 21, 2011. The Bankruptcy Court dismissed that case on February 28, 2012 on the grounds that the Debtors' Chapter 13 plan was "not in posture" for confirmation. (Order Denying Confirmation and Dismissing Case, Bankr. Case No. 11-61675, ECF No. 34). The Debtors tried again on March 30, 2012, when they filed their bankruptcy petition and Chapter 13 plan in the instant case.

This time the Debtors were repeat filers with one prior case that had been pending and dismissed within the previous year. The Debtors were thus subject to 11 U.S.C. § 362(c)(3). That statute provides that the automatic stay terminates "with regard to" a debtor thirty days after the filing of his or her current case, unless a party in interest successfully moves for the automatic stay to be extended. 11 U.S.C. § 362(c)(3)(A), (B). Here, no one moved for the automatic stay to be extended, and so, as the Debtors acknowledge, the automatic stay "expired 30 days after filing pursuant to 11 U.S.C. § 362(c)(3)(A) on April 29, 2012." (Appellants' Br. at 2).

Though the automatic stay terminated pursuant to § 362(c)(3)(A), the Debtors' case proceeded without immediate difficulty. On May 9, 2012, the Chapter 13 Trustee (the "Trustee") conducted a meeting of creditors. Then, on May 17, 2012, the Trustee filed a recommendation in favor of the confirmation of the Debtors' Chapter 13 plan. No party objected to the confirmation of the plan.

This month of smooth sailing soon ended. On June 6, 2012, the Bankruptcy Court *sua sponte* entered an order (the "Show Cause Order") requiring counsel for the Debtors "to file within 10 days a brief detailing the impact of the lack of stay on Debtors' case, and detailing why the case should not be dismissed and all fees disgorged." (Order Regarding Confirmation of Chapter 13 Plan, Bankr. Case No. 12-52745, ECF No. 22).

On June 13, 2012, the Debtors filed a response to the Show Cause Order. In their response, the Debtors contended that the termination of the automatic stay pursuant to § 362(c)(3)(A) did not justify a denial of confirmation and dismissal of their case. The Debtors made two arguments in support of this contention: first, they argued that the confirmed plan would bind creditors and so provide the Debtors with all the protection they needed to carry out the plan; and second, they argued that § 362(c)(3)(A) terminated the stay only as to the Debtors—not as to property of the estate—and so had a very limited impact on the case. (Resp. to Court's Order Regarding Expiration of Automatic Stay at 2, Bankr. Case No. 12-52745, ECF No. 24). The Debtors' response did not address the issue of the disgorgement of attorney's fees.

The Bankruptcy Court disagreed with the Debtors' analysis. On June 26, 2012, it entered an order denying confirmation and dismissing the Debtors' case (the "Dismissal Order"). Though the Bankruptcy Court acknowledged that a confirmed Chapter 13 plan bound creditors, the court stressed that a confirmed plan would not be as effective a shield as the automatic stay: "While it is conceivable that a confirmed plan may be used as a defense in a state court action, it does not protect a debtor from initiation of that litigation absent the stay." (Order Denying Confirmation and Dismissing Case at 1, Bankr. Case No. 12-52745, ECF No. 26). Moreover, the Bankruptcy Court declined to adopt the Debtors' proposition that termination of the automatic stay pursuant to § 362(c)(3)(A) left in place the stay as to property of the estate. (*Id.* at 2). According to the Bankruptcy Court, there were "many conflicting authorities on this subject, and the Court is not prepared to adopt such a view at this time." (*Id.*). The Bankruptcy Court added that even if the automatic stay terminated only as to the Debtors and not as to the estate, the Debtors would still be vulnerable to collection efforts, because "the confirmed plan in this case would vest all property in Debtors, not in the estate." (*Id.*). The Bankruptcy Court summarized its reasoning as follows:

> [C]onfirmation of Debtors' plan would lock them into a three to five year period during which a creditor could initiate collection attempts or litigation. Such would impair completion of the plan, and expose Debtors to greater costs. The Court cannot find that the plan as proposed can be carried to completion without a stay.

(*Id.*). On these grounds, the Bankruptcy Court denied confirmation of the Debtors' Chapter 13 plan, dismissed their case, and found that the Debtors' counsel's compensation "exceed[ed] the value of services rendered." (*Id.*). The Bankruptcy Court ordered the Debtors' counsel to disgorge his fees and "to not charge Debtors in the event the case is refiled." (*Id.*).

In response to the Dismissal Order, the Debtors on July 10, 2012 filed a motion to reconsider and a motion to amend or make additional findings of fact. On July 17, 2012, the Bankruptcy Court denied these motions, stating that additional findings were unnecessary and that "the Debtors have failed to establish any basis upon which the prior ruling should be reconsidered." (Order Denying Mot. to Amend or Make Additional Findings of Fact and Denying Mot. to Reconsider, Bankr. Case

5

No. 12-52745, ECF No. 34). Finally, on July 27, 2012, the Debtors filed a timely Notice of Appeal to this Panel. *See* Fed. R. Bankr. P. 8002(b)(1).

The Debtors' brief to this Panel argues that the existence of the automatic stay is not required to confirm a Chapter 13 plan. The Debtors also assert that a successful extension of the automatic stay under § 362(c)(3)(B) is unnecessary to the practical implementation of their Chapter 13 plan because the plan binds all creditors and because § 362(c)(3)(A) does not terminate the automatic stay with respect to the bankruptcy estate. Finally, the Debtors contest the Bankruptcy Court's order of disgorgement of attorney's fees. According to the Debtors, disgorgement was inappropriate because the Debtors' counsel was not required to file a motion to extend the automatic stay and was not provided with sufficient notice of the disgorgement to satisfy due process.

The Trustee, as Appellee, also filed a brief in this appeal. The Trustee takes no position as to whether the automatic stay is a requirement for the confirmation of a Chapter 13 plan and the continuation of a Chapter 13 case. Likewise, the Trustee takes no position as to the propriety of the order of disgorgement. The Trustee does defend the bankruptcy court's dismissal of the case, however, by pointing out that the bankruptcy court has authority to "manage its own docket" and "ensure that the criteria for confirmation under 11 U.S.C. §§ 1322 and 1325 have been met." (Appellee's Br. at 5).

## IV.   DISCUSSION

A.      *Termination of the Automatic Stay and Chapter 13 Plan Confirmation*

The Bankruptcy Court's Dismissal Order denied confirmation of the Debtors' plan and dismissed Debtors' case for only one reason: that the automatic stay had terminated. The Bankruptcy Court thus treated the extension or presence of the automatic stay as a *per se* requirement for the confirmation of a Chapter 13 plan and the continuation of a Chapter 13 case. But the Bankruptcy Code does not mention any such requirement, and case law has established that debtors can confirm

6

Chapter 13 plans and proceed with Chapter 13 cases without the protection of the automatic stay. The Bankruptcy Court therefore relied on an erroneous interpretation of law and abused its discretion.

Chapter 13 of the Bankruptcy Code establishes a process by which debtors can repay a portion of their debts under a confirmed Chapter 13 plan that is binding on all creditors. *See* 11 U.S.C. §§ 1322, 1327. If all goes well and a debtor complies with his or her plan, the debtor can then receive a discharge. *See* 11 U.S.C. § 1328. To protect this process of orderly repayment, the Bankruptcy Code imposes the automatic stay upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). The stay is a powerful procedural device that enjoins a wide variety of creditor actions against debtors, debtors' property, and the property of debtors' bankruptcy estates. *See id.* "[A]ctions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). Those who violate the stay may be liable for actual or punitive damages. *See* 11 U.S.C. § 362(k). Thus, the automatic stay gives debtors a welcome respite from creditors' attempts at litigation or collection.

But repeat-filing debtors cannot easily enjoy the automatic stay's protections. Under 11 U.S.C. § 362(c)(3):

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .
>> **(A)** the [automatic stay] with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3). To extend the automatic stay and prevent this termination, a party in interest must file a motion for the continuation or extension of the stay. 11 U.S.C. § 362(c)(3)(B). The bankruptcy court may then "extend the stay . . . after notice and a hearing completed before the

7

expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." *Id.*

Here, it is uncontested that the automatic stay terminated under § 362(c)(3)(A). But no creditors sprang into action against the Debtors, and no one objected to confirmation of the Debtors' plan. Thus, when the Bankruptcy Court issued the Dismissal Order, the Debtors were on the cusp of confirming a plan without the automatic stay's protection. Counsel's failure to move for an extension of the stay might have been ill advised, but the absence of the automatic stay—by itself—should not have precluded the confirmation of the Debtors' plan and the continuation of their case.

Chapter 13 plan confirmation is governed by 11 U.S.C. § 1325. "The bankruptcy court is required to confirm the plan so long as it satisfies the provisions of 11 U.S.C. § 1325(a)." *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 450 (6th Cir. 2009) (footnote omitted). Moreover, if debtors fail to meet these conditions, the mere absence of a creditor's or trustee's objection will not protect the debtors from a dismissal or denial of confirmation; bankruptcy courts enjoy broad discretion to police Chapter 13 plans and enforce the Bankruptcy Code *sua sponte*. *See United Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 1381 (2010); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

None of the conditions for plan confirmation in § 1325(a) mention the presence or absence of the automatic stay. *See* 11 U.S.C. § 1325(a). Section 1325(a) does require that a Chapter 13 plan comply with the Bankruptcy Code and that the plan not be proposed by "means forbidden by law." 11 U.S.C. § 1325(a)(1), (3). Nothing in the Bankruptcy Code or any other statute, however, requires that the stay be extended. For example, § 362(c)(3)(B) merely states that a court "may extend the stay" on the motion of a party in interest. 11 U.S.C. § 362(c)(3)(B). Likewise, there is no mention of the stay in the Bankruptcy Code provisions governing the content of Chapter 13 plans, *see*

8

11 U.S.C. § 1322, or in the provisions authorizing the dismissal of Chapter 13 cases upon motion. *See* 11 U.S.C. § 1307(c).

In addition to requiring that debtors comply with the Bankruptcy Code, § 1325(a) requires that Chapter 13 debtors file their petitions and propose their plans in good faith and that debtors be able to comply with and make payments under their plans. 11 U.S.C. § 1325(a)(1), (7) (requiring good faith of debtor in filing petition and proposing plan); 11 U.S.C. § 1325(a)(6) (requiring that plan be feasible). Feasibility in particular might be a concern where the absence of the automatic stay leaves a debtor vulnerable to creditor litigation. *See* 11 U.S.C. § 1325(a)(6). Case law, however, has rejected the proposition that the absence of the stay constitutes a *per se* absence of the good faith or feasibility required by § 1325. All the cases that have addressed the question have stated that a Chapter 13 plan can be confirmed and carried through to discharge without the automatic stay in place.

For example, in *In re Fleming*, the Chapter 13 debtors' automatic stay terminated under § 362(c)(3) and the trustee opposed confirmation of the debtors' proposed Chapter 13 plan on the grounds that the stay had terminated. 349 B.R. 444, 446 (Bankr. D.S.C. 2006). The *Fleming* trustee acknowledged that the debtors' plan satisfied § 1325(a), but argued that "the absence of the automatic stay would expose property of the estate to collection efforts during the administration of the plan and thus disrupt the order of distributions set forth in the plan." *Id.* In response, the bankruptcy court explained that the automatic stay was not a requirement for plan confirmation:

> A review of the Bankruptcy Code indicates that the existence of the automatic stay is not a prerequisite to the confirmation of a Chapter 13 plan. *See* 11 U.S.C. § 1325(a) (the protection of automatic stay is not listed as a requirement for confirmation of a Chapter 13 plan). The plain language of § 1325(a) mandates confirmation if Debtors meet the nine requirements set forth therein. Congress did not mandate the dismissal of a case or the denial of confirmation if the automatic stay terminated prior to confirmation pursuant to § 362(c)(3) or (4) and therefore the Court finds that the termination of the automatic stay does not necessarily deprive a debtor of the right to continue under Chapter 13, obtain confirmation of a plan, and ultimately obtain a discharge if the debtor complies with the terms of the plan.

*Id.* at 446-47.

And *Fleming* is not alone. In *In re Murphy*, another case where the automatic stay terminated pursuant to § 362(c)(3), the bankruptcy court explained that "termination of the stay under section 362(c) is not the equivalent of termination of the Chapter 13 case, it is still possible for a debtor to confirm a Chapter 13 plan when the stay terminates early in the case under Section 362." 346 B.R. 79, 83 (Bankr. S.D.N.Y. 2006). A third case that has addressed the question, *In re Underhill*, agreed that termination of the stay "does not *per se* preclude confirmation of a plan." 425 B.R. 614, 619 (Bankr. D. Ut. 2010). In sum, authorities agree that a plan can be confirmed and completed without the protections of the automatic stay.

To conclude that the automatic stay is not a *per se* requirement for Chapter 13 plan confirmation is not to discount the stay's importance to a plan's successful completion. Though a confirmed plan is binding, the plan alone cannot offer debtors the same level of protection offered by a plan that is reinforced by the automatic stay. A confirmed plan alone provides no substitute for the automatic stay's power to make creditor actions invalid and voidable. Thus, debtors carrying out a Chapter 13 plan without an automatic stay run the risk that creditors will initiate litigation against them, despite the binding power of the plan.

The case of *Kurtzahn v. Sheriff of Benton County, Minn.* (*In re Kurtzahn*) provides a cautionary tale for debtors who attempt to complete a Chapter 13 plan without the automatic stay. 342 B.R. 581 (Bankr. D. Minn. 2006). In *Kurtzahn*, the debtor's automatic stay terminated under § 362(c)(3). *Id.* at 583. Despite the stay's termination, there were no objections to plan confirmation, and the debtor entered into a confirmed plan without an automatic stay in place. *Id.* As soon as the stay terminated, however, a creditor resumed a replevin action against the debtor in state court. *Id.* at 584. The debtor did not appear in the state court action, and the state court entered judgment against her after her plan had been confirmed. *Id.* In response, the debtor asked the bankruptcy court for a permanent injunction against the creditor; the debtor insisted that the binding power of her Chapter 13 plan protected her from the state court judgment. *Id.*

10

Though the bankruptcy court acknowledged the binding power of the debtor's confirmed Chapter 13 plan, it denied the debtor the injunction she sought. *Id.* at 586. The bankruptcy court stated that "[t]here was utterly no impediment, legal or procedural," to the state court's judgment. *Id.* That judgment was "now final" and "entitled to receive full faith and credit from the federal courts . . . ." *Id.* *Kurtzahn* noted an important lesson for all debtors whose stays expire:

> [W]here the [automatic stay] has vanished unextended, the debtor dare not ignore the ongoing procedures that a creditor may initiate or resume in a non-bankruptcy forum after the lapse of the stay. Bankruptcy law now expressly contemplates that forum reaching the issues raised in such procedures, and ruling on them. If confirmation of a plan reconfigures a creditor's rights in the meantime, supporting an argument against the creditor's asserted right to repossess, that argument *is to be made to the state court*. Debtors' counsel now will have to assert the primacy of bankruptcy law, in the binding effect of confirmation, in a forum that otherwise is entirely free to do what it will under its own rules of decision. . . . Though a ruling in favor of the creditor . . . may be technically wrong for a failure to take cognizance of an override by bankruptcy law, it nonetheless will be fully enforceable once it is final.

*Id.* at 586-87 n.11.

This lesson from *Kurtzahn* is reflected in the Dismissal Order now before the Panel. In the Dismissal Order the Bankruptcy Court warned that "confirmation of Debtors' plan would lock them into a three to five year period during which a creditor could initiate collection attempts or litigation." (Order Denying Confirmation and Dismissing Case at 2, Bankr. Case No. 12-52745, ECF No. 26). The Bankruptcy Court correctly described the dangers the Debtors faced. To enjoy the protection of a confirmed plan, the Debtors would have to remain ever vigilant against creditor-initiated state court litigation.

But the risks inherent in carrying out a confirmed Chapter 13 plan without a stay in place are risks that the Bankruptcy Code allowed the Debtors to take—as long as the Debtors met the confirmation requirements of § 1325(a). Nothing in the Bankruptcy Code required the Debtors to

11

extend the automatic stay, and case law has confirmed that the extension of the stay is not a *per se* requirement for the confirmation of the Debtors' Chapter 13 plan and the continuation of the Debtors' case. The Panel appreciates the Bankruptcy Court's concerns about the Debtors' prospects and recognizes the Bankruptcy Court's authority to enforce the Bankruptcy Code *sua sponte*. But the Dismissal Order denied confirmation of the Debtors' plan and dismissed the Debtors' case for only one reason: that the automatic stay had terminated. The Bankruptcy Court thus employed an erroneous legal standard and abused its discretion.[1]

B.    *Disgorgement of Attorney's Fees*

In its Dismissal Order, the Bankruptcy Court ordered that the Debtors' attorney, Michael T. Gunner ("Gunner"), disgorge his fees based on the Bankruptcy Court's belief that Gunner's failure to move to extend the automatic stay necessitated the denial of confirmation and dismissal of the Debtors' case. Because the extension of the stay is not a *per se* requirement for confirmation, the Panel determines that the Bankruptcy Court abused its discretion.

The Bankruptcy Code grants bankruptcy courts the authority to monitor and regulate a debtor's attorney's compensation. *See* 11 U.S.C. § 329 (authorizing bankruptcy courts to order the return of a debtor's attorney's compensation when the compensation "exceeds the reasonable value of any such services"); Fed. R. Bankr. P. 2016 (requiring a debtor's attorney to file statement required by Section 329 concerning compensation paid or agreed to be paid). Pursuant to Section 329(b), "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." 11 U.S.C. § 329(b). Bankruptcy courts have broad discretion in reviewing a debtor's attorney's compensation. *Henderson v. Kisseberth* (*In re Kisseberth*), 273 F.3d 714, 720 (6th Cir. 2001)

---

[1]Having decided that there is no *per se* requirement for confirmation that the Debtors obtain an extension of the automatic stay, the Panel declines to address the Debtors' argument that stay termination under § 362(c)(3)(A) leaves in place the stay with respect to property of the estate.

(citation omitted) ("In reviewing a bankruptcy court's decision concerning the proper amount of attorney fees, we will not set aside its determination unless the court abused its discretion.").

Here, the Bankruptcy Court found that Gunner's fees exceeded the value of his services rendered to the Debtors, and ordered all the fees to be disgorged. The Bankruptcy Court based its ruling on Gunner's failure to move for an extension of the stay, which the Bankruptcy Court determined to be a necessary requirement for completion of a Chapter 13 plan. The Panel holds that the Bankruptcy Court abused its discretion when it ordered disgorgement of Gunner's fees based on the mistaken belief that Gunner's failure to move for an extension of the stay necessitated the denial of confirmation and dismissal of the Debtors' case.[2] The Panel takes no position as to whether counsel's failure to move to extend the automatic stay, by itself, warrants a reduction in compensation. We merely hold that it was an abuse of discretion to order disgorgement based on the mistaken belief that such failure necessitated the denial of confirmation and dismissal of the Debtors' case.

## V.    CONCLUSION

For the foregoing reasons, the Panel vacates the Bankruptcy Court's June 26, 2012 order denying confirmation of the Debtors' Chapter 13 plan, dismissing the Debtors' case, and ordering disgorgement of counsel's fees, and remands for further proceedings consistent with this opinion. [3]

---

[2]Having decided that the Bankruptcy Court's order requiring disgorgement of Gunner's fees was premised on a faulty legal conclusion, the Panel declines to address whether Gunner received sufficient notice of the disgorgement to satisfy due process.

[3]For example, upon remand, the Bankruptcy Court will likely need to determine whether the Debtors are presently able to confirm a Chapter 13 plan that meets the requirements of § 1325.