*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 16b0004p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

_____

In re:  NAOMI KIDD RAMEY,

*Debtor*.

No. 16-8015

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky.
No. 15-70787—Tracy N. Wise, Judge.

Decided and Filed:  September 30, 2016

Before: HARRISON, HUMPHREY, and PRESTON, Judges of the Bankruptcy Appellate Panel.

_____

## COUNSEL

**ON BRIEF:**  Naomi Kidd Ramey, Pikeville, Kentucky, pro se.

_____

## OPINION

_____

### ISSUES ON APPEAL

GUY R. HUMPHREY, Bankruptcy Appellate Panel Judge.  This appeal concerns the dismissal of a Chapter 7 case due to a debtor failing to complete the pre-petition briefing requirement of 11 U.S.C. § 109(h) and the denial of a motion to vacate the dismissal order.

### JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the BAP.  A final order of a bankruptcy court may be appealed by right under

28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  An order dismissing a bankruptcy case is a final order.  *Raynard v. Rogers* (*In re Raynard*), 354 B.R. 834, 836 (6th Cir. BAP 2006).

"Dismissal of a bankruptcy case is reviewed for abuse of discretion."  *Riverview Trenton R.R. Co. v. DSC, Ltd (In re DSC, Ltd.),* 486 F.3d 940, 944 (6th Cir. 2007) (citing *Booher Enters. v. Eastown Auto Co.* (*In re Eastown Auto Co.*), 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998)). A bankruptcy court abuses its discretion when "it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard."  *Id.*  Factual determinations are reviewed under the clearly erroneous standard.  Fed. R. Bank. P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).  Conclusions of law are reviewed de novo.  *Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir.1994).

## FACTS

The Debtor, Naomi Kidd Ramey, filed a pro se Chapter 7 petition on December 2, 2015. Along with her petition, Ramey filed a motion for waiver of the pre-petition credit counseling or briefing requirement of 11 U.S.C. § 109(h).[1]  Section 109 requires a debtor to undergo the counseling or briefing as a prerequisite to filing a petition for relief under the Bankruptcy Code.

---

[1]Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).  The exception under § 109(h)(2) is not at issue in this appeal.

The motion sought a permanent waiver of the requirement under 11 U.S.C. § 109(h)(4),[2] essentially arguing incapacity, but also appeared to raise what can best be described as exigent circumstances that would be relevant for a temporary waiver under § 109(h)(3).[3] In any event, on December 7, 2015, the bankruptcy court entered an order that the motion failed to comply with the court's local rules for noticing and provided that unless the filing was noticed properly within 7 days, the motion would be denied. Ramey renewed the motion, but a similar order was entered for the same noticing error. On December 23, 2015, the case was dismissed, not due to the missing credit briefing, but because Ramey failed to comply with an order to file her schedules and other initial documents. Ramey had filed some, but not all of those documents and was noticed by the clerk, prior to dismissal, that the initial filing documents for her case were incomplete.

On January 4, 2016, Ramey filed a credit briefing certificate that was completed post-petition and filed additional initial documents for her case. On January 13, 2016, Ramey sought to vacate the dismissal order, but that filing did not address the credit briefing issue. That motion

---

[2]The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h)(4).

[3](A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(3).

was re-filed after yet another order concerning procedural error, and ultimately the court set a hearing on the motion to vacate for March 9, 2016.  Following that hearing, the court entered an order denying Ramey's motion, specifically mentioning the lack of a pre-petition credit briefing.

On April 20, 2016, Ramey again moved for an order waiving the credit briefing requirement under § 109(h) and vacating the dismissal of her case.  Ramey essentially argued various medical issues demonstrated her incapacity or disability justifying a permanent waiver under § 109(h)(4).  The court denied this latest motion on April 26, 2016 explaining, among other points, that Ramey demonstrated she did not meet the narrow definition of incapacity or disability by virtue of having successfully completed a credit briefing, albeit post-petition.  To the extent Ramey wanted a temporary waiver under § 109(h)(3), the court noted that Ramey had not alleged exigent circumstances or that she timely requested a briefing but could not obtain it within 7 days of that request.

Ramey raised this issue again in further correspondence with the court, and ultimately appealed the denial of her motion to vacate the court's dismissal order.

## DISCUSSION

As part of the Bankruptcy Abuse and Consumer Protection Act of 2005, Congress amended the Bankruptcy Code to require all individual debtors to complete a pre-petition credit briefing.  11 U.S.C. § 109(h)(1).  Pursuant to § 109 of the Bankruptcy Code, if the briefing is not completed, the debtor is not eligible for bankruptcy relief and the bankruptcy court may dismiss the case.  *In re Ingram*, 460 B.R. 904, 910 (B.A.P. 6th Cir. 2011).

The exceptions to this requirement are narrowly tailored. The requirement does not apply to a debtor who "the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).  Incapacity "means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities. . . ." *Id.*  Disability means that "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." *Id.*

The record shows that Ramey was able to complete a briefing. Although it was post-petition, the bankruptcy court's conclusion that Ramey did not meet the strict definitions of incapacity or disability is supported by the record. While Ramey apparently has had serious medical issues in the past, the evidence in the record does not meet the definition required for a permanent waiver. It is important to recognize that Congress specifically defined incapacity and disability and the bankruptcy court cannot use any other definition.

Further, the record does not support a temporary waiver under 11 U.S.C. § 109(h)(3). As found by the bankruptcy court, the temporary waiver requires a finding that Ramey could not obtain a briefing within 7 days of a request. Ramey did not demonstrate that she met that requirement, nor did she establish exigent circumstances. Instead, it appears that Ramey simply misunderstood that the briefing needed to be completed pre-petition.

Finally, Ramey raises policy arguments relating to the credit briefing requirement. These arguments appear to include whether incapacity and disability are reasonably defined, whether waivers should generally be more available and easier to obtain, and whether the credit briefing is of any help to debtors. Ramey is not the first, and likely not the last, to raise arguments of this nature. However, such policy arguments are for Congress to address, not the courts. The bankruptcy court can only apply the statute as it is plainly written. *Hildebrand v. Petro (In re Petro)*, 395 B.R. 369, 374 (B.A.P. 6th Cir. 2008) (citing *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.)*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000)). That law was correctly applied in this instance.

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is affirmed.