[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12722
Non-Argument Calendar

_____

D.C. Docket Nos. 0:17-cv-60290-WPD; 16-bkc-24201-RBR

In re: MARTHA E. ECHEVERRY,

                                                                                            Debtor.

_____

MARTHA E. ECHEVERRY,

                                                                        Plaintiff-Appellant,

versus

ROBIN R. WEINER,

                                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 23, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Martha Echeverry, a Chapter 13 debtor proceeding pro se, appeals the

district court's order affirming the bankruptcy court's dismissal of her bankruptcy

case.  The district court, relying on the facts as asserted in the Trustee's district court brief, found that: (1) at a meeting of creditors in the bankruptcy case, the Trustee provided Echeverry with a list of deficiencies in her proposed Chapter 13 Plan and other filings and informed her that the deficiencies needed to be corrected before a confirmation hearing that was to be held a month later; and (2) Echeverry did not appear at that confirmation hearing, and did not correct any of the problems in the Trustee's list of deficiencies.  The district court concluded that, based on these findings, the bankruptcy court did not abuse its discretion in dismissing the case.  On appeal, Echeverry argues that the bankruptcy court erred in dismissing the case: (1) without first holding a hearing; and (2) because "according to the docket," the Trustee did not file a notice of deficiency or any objections to confirmation of her proposed Chapter 13 Plan.  After careful review, we affirm.

As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court.  In re Int'l Admin. Servs., Inc., 408 F.3d 689, 698 (11th Cir. 2005) (quotation omitted).  Specifically, we review the bankruptcy court's factual findings for clear error and the legal conclusions of both the bankruptcy court and the district court de novo.  Id.  We review the dismissal of a bankruptcy case "for cause" for abuse of discretion.  In re Piazza, 719 F.3d 1253, 1271 (11th Cir. 2013) (reviewing

2

dismissal of Chapter 7 case "for cause" under statute that contains similar operative language to the "for cause" dismissal provision in Chapter 13). The abuse of discretion standard allows for a "range of choice" by the lower court, so long as that choice does not constitute a clear error of judgment. In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994).

Although we liberally construe briefs filed by pro se litigants, issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (holding that pro se litigants are required to conform to procedural rules). We've also held that a party fails to adequately "brief" an issue when she does not "plainly and prominently" raise it in her brief. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). In other words, an appellant abandons a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments or authority. Id.

When appealing a bankruptcy-court order to the district court, the appellant must designate the items to be included in the record on appeal, including transcripts of oral rulings and any transcript ordered. Fed. R. Bankr. P. 8009(a)(1)(A), (4). To challenge a finding or conclusion as unsupported by, or contrary to the evidence, the appellant must designate the transcript of any relevant testimony or exhibits as a part of the record on appeal. Id., 8009(b)(5). Similarly,

the Federal Rules of Appellate Procedure specify that if an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.  Fed. R. App. 10(b)(2).  A pro se litigant's pleadings are construed liberally, but pro se litigants must nonetheless conform to procedural rules, including the requirement that an appellant provide relevant transcripts for the record on appeal.  Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (discussing the requirements of Fed. R. App. P. 10(b)(2), which has the same requirements as Fed. R. Bankr. P. 8009(b)(5)).  We've explained that an appellant has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment."  Selman v. Cobb Cty. Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006); see also Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1224 (11th Cir. 2012).  In Selman, we referred to this as the "absence-equals-affirmance rule."  449 F.3d at 1333.

The Bankruptcy Code provides that, upon request by a party in interest and after notice and a hearing, a Chapter 13 case may be dismissed "for cause," including failure to commence making timely plan payments; denial of confirmation of a Chapter 13 plan; and material default by the debtor of a confirmed plan.  11 U.S.C. § 1307(c).  The Code further provides that if a debtor

4

was required by applicable law to file a tax return, she must "file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." Id. § 1308(a). It requires the debtor to commence making Chapter 13 plan payments not later than 30 days after the date of the filing of the plan in the amount proposed in the plan. Id. § 1326(a)(1)(A). The Code instructs the bankruptcy court to confirm a plan if, inter alia, it complies with the terms of Chapter 13, and if the debtor will be able to make all payments under the plan and comply with the plan. Id. § 1325(a)(1), (6).

Finally, the Federal Rules of Bankruptcy Procedure provide that the "business of the" meeting of creditors "shall include the examination of the debtor under oath . . . ." Fed R. Bankr. P. 2003(b)(1). Any examination under oath at that meeting "shall be recorded verbatim," and upon request of any entity, "the United States trustee shall certify and provide a copy or transcript of such recording at the entity's expense." Id., 2003(c).

Here, Echeverry argues that the bankruptcy court erred in dismissing the case: (1) without first holding a hearing; and (2) because "according to the docket," the Trustee did not file a notice of deficiency or any objections to confirmation of her proposed Chapter 13 Plan. However, Echeverry did not include in the record a transcript of the evidence relevant to the issues she challenges. For starters, Echeverry failed to order transcripts or otherwise provide a record of the

proceedings that occurred at the confirmation hearing, and the bankruptcy court's order denying confirmation and dismissing the case does not set forth the reasoning for its decision. Without this transcript, we are left to guess as to the court's reasoning and as to what transpired at that hearing in terms of the problems with the proposed Chapter 13 Plan and the Trustee's asserted deficiencies. Nor can we determine whether the bankruptcy court found that Echeverry received the Trustee's list of deficiencies, and whether she failed to correct them. A record was also ostensibly created, according to the Federal Rule of Bankruptcy Procedure 2003(b)(1), (c), at the meeting of creditors she admits she attended, yet, again, she failed to obtain a transcript of that proceeding as well. Echeverry does not expressly deny that the Trustee provided her with the list of deficiencies at that meeting, nor that the deficiencies were indeed present in her case. Because she failed to order transcripts or otherwise provide a record of the proceedings that occurred at the meeting of creditors, or at the confirmation hearing, and records from those hearings are not otherwise available to us, we are unable to conduct a full and meaningful review of the case, and affirm under the absence-equals-affirmance rule. Pensacola Motor Sales Inc., 684 F.3d at 1224.

In any event, Echeverry has also arguably abandoned any challenge to the district court's findings. Although she asserted in her original brief to the district court that the "Trustee did not send any notice" of the deficiencies, she never

6

replied to the Trustee's brief nor challenged the Trustee's assertion that the notice was provided to her at the hearing, and she never moved the district court to reconsider after it found in its order that she received the list of deficiencies. She now claims on appeal that the Trustee's list or "notice" of deficiencies, "according to the Docket," was never filed or "was not properly filed." She does not, however, deny receiving the list at the meeting of creditors, which she admits she attended. She has thus abandoned any challenge to the district court's finding that she received the list of deficiencies, which informed her that she needed to correct them prior to the confirmation hearing. Timson, 518 F.3d at 874. Because she never replied to the Trustee's brief nor challenged the Trustee's other claims, and never moved the district court to reconsider anything, Echeverry likewise has abandoned her challenges to the lack of notice and a hearing, and to the claims that she was behind in making Plan payments, failed to appear at the January 19, 2017 confirmation hearing, failed to file tax returns, filed a certificate showing that she completed credit counseling after she filed her Chapter 13 petition, had calculation errors in her plan. 11 U.S.C. §§ 1308(a), 1325(a)(1), (6), 1326(a)(1)(A).

For these reasons, we are compelled to conclude that the bankruptcy court did not abuse its discretion in dismissing the case. Notably, nothing in the record suggests that dismissal of the case with these deficiencies as "cause" was outside

the range of reasonable choices.  In re Rasbury, 24 F.3d at 168.  Accordingly, we affirm.[1]

**AFFIRMED**.

---

[1]    What's more, the Bankruptcy Code provides that "an individual may not be a debtor under this title unless" she has, during the 180-day period ending on the date the petition was filed, received from an approved provider a briefing that outlines the opportunities for available credit counseling and assistance.  11 U.S.C. § 109(h)(1) (referencing 11 U.S.C. § 111(a)'s criteria for approved providers).  Although we've not addressed, in a published opinion, the consequences of failing to fulfill this requirement, the Sixth Circuit Bankruptcy Appellate Panel has persuasively held that a putative debtor who fails to complete this requirement prior to filing a petition is not a debtor, and that the case is subject to dismissal.  In re Ramey, 558 B.R. 160, 163-64 (6th Cir. B.A.P. 2016) (persuasive authority).  The only exceptions to this requirement apply (1) where the debtor, due to incapacity, disability, or active military duty, is unable to complete the requirement, or (2) where the debtor describes exigent circumstances that merit a waiver of the requirement, and states that she requested credit counseling services but was unable to obtain them within seven days of the request.  11 U.S.C. § 109(h)(3), (4).

Here, Echeverry's certificate showed that she completed her credit counseling after she filed her petition, and the bankruptcy clerk's notice of deficiency, entered the same day that Echeverry filed her petition, clearly indicated that failure to file a certification showing compliance with this requirement could result in dismissal of the bankruptcy case.  It is also worth noting that this was Echeverry's sixth Chapter 13 filing in as many years, and that each of her previous five filings were also dismissed prior to confirmation.  Thus, although the district court did not base its dismissal on this ground, the record supports the conclusion that Echeverry failed to comply with the Bankruptcy Code's plain language requirement that a debtor complete the counseling prior to the filing of the case.  See Wright v. City of St. Petersburg, Fla., 833 F.3d 1291, 1294 (11th Cir. 2016) (holding that we will affirm for any reason supported by the record, regardless of whether it was relied upon below); see also In re Ramey, 558 B.R. at 163-64 (6th Cir. B.A.P. 2016).